## Maria Kissick, Appellant, v. Albert N. Hunter.

*Attorneys at law—Power of—Power to waive inquisition—Laches—Presumption.*

When an attorney at law, who has been acting for a defendant up to the obtaining of judgment on which execution has been promptly issued, files a waiver of inquisition, it is to be presumed that he is acting under the authority of his client, and if the client desires to disavow the action of his attorney, he must do so within a reasonable time. The presumption of authority becomes conclusive when the land is sold under the fi. fa., the plaintiff in the writ becomes the purchaser, and, for a period of more than sixteen years. no movement is made by the defendant in the writ to disavow.

*Attorney at law—His authority and presumption of authority.*

The office of a general retainer is to authorize an attorney to take care of the interests of his client in litigation, pending or imminent, and in so doing to take all the steps necessary, usual and proper to that end, to wit: those in which his authority is absolute, without regard to the client's consent in fact, such as the steps in the regular progress of litigation; and, secondly, those which are so far customary that authority will be presumed, but which may nevertheless be disaffirmed by the client. The defendant's attorney may agree to an amicable action, and may confess judgment.

Argued Nov. 2, 1897. Appeal, No. 150, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1897, No. 354, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine the marketable title to real estate.

The material portions of the case stated were as follows :

Clark Kissick was in his lifetime and at his death seized in his demesne as of fee of a certain tract of land [reference is had to plot where it is particularly described] ; said Clark Kissick died intestate on March 5, 1880, leaving surviving him a widow, Sarah E. Kissick, and William Clark Kissick, a minor, of whom James E. Haslett was duly appointed guardian, and letters of administration were duly granted by the register of wills of said county to the said Sarah E. Kissick.

At No. 239, July term, 1881, of the court of common pleas No. 2, of Allegheny county, R. S. P. McCall, executor of the last

will and testament of Moses Kissick, deceased, brought an action against Sarah E. Kissick as widow and administratrix of Clark Kissick, deceased, and said William Clark Kissick, said minor, by his guardian, James E. Haslett, and recovered judgment therein for $15,803.41. After the entry of said judgment, to-wit: on June 17, 1881, said defendants, by John C. McConnell, their attorney, by writing filed at said number and term, waived the right of inquisition and extension and agreed to the condemnation of said property, and directed the prothonotary to enter upon a fieri facias said voluntary condemnation, etc.; on June 17, 1881, a writ of fieri facias was issued on said judgment at No. 108, July term, 1881, and upon said writ of fieri facias, said prothonotary of said court marked inquisition and extension waived————; under said writ, the sheriff of the said county of Allegheny levied on the property hereinbefore referred to, and after the regular notice of the time and place of sale, sold the same to the plaintiff in said judgment, R. S. P. McCall, executor, for the price or sum of $25.00, and by deed poll dated October 22, 1881, and acknowledged after proclamation at a court of common pleas No. 2, held in and for said county before the judges of said court, by T. H. Hunter, Esq., sheriff of said county, on October 22, 1881, and duly delivered to said plaintiff, conveyed the said property to the said plaintiff, R. S. P. McCall, executor; said deed being recorded in the prothonotary's office of said county and the said R. S. P. McCall, executor, of the said Moses Kissick, deceased, by deed dated July 13, 1882, duly acknowledged and recorded in the recorder's office of said county, granted and conveyed the said property to said Maria Kissick; that the said R. S. P. McCall, executor, and through him said plaintiff, entered into the possession of the said tract of land, immediately upon the execution and delivery of sheriff's deed, and have been in free and undisputed possession thereof continually from that time to the present; and the said plaintiff is now in the undisputed possession of the said described tract of land, and at the time of the said levy and sale the said lots had thereon erected a two-story brick dwelling house.

Said defendant in and by an agreement in writing, dated December 1, 1894, and by him duly signed, agreed to purchase of the said plaintiff, and the said plaintiff in and by said agree-

ment agreed to sell said defendant a piece of land and the improvements thereon erected, situate in the seventh ward, of the city of Pittsburg, county of Allegheny, Pennsylvania, being lot numbered thirty-six, in Thomas Scott's plan of lots, recorded in the office for the recording of deeds, etc., in and for said county of Allegheny, more particularly hereinbefore described. Said Maria Kissick, plaintiff, has always been ready to comply with the terms of the said contract, and has tendered to the said Albert N. Hunter a deed for the said property. The said Albert N. Hunter declines to accept the said deed and comply with the conditions of the said agreement for sale, for the reason that he avers the title of the said plaintiff to the said property is not a good marketable title in fee simple, and that the said John G. McConnell by virtue of his general retainer as attorney for the said defendants at No. 229, July term, 1881, had no authority to waive the right of inquisition and agree to condemnation, and that the said sale on the said writ of fieri facias is void, and that the title of said Clark Kissick to the said property did not pass to the said R. S. P. McCall, executor of Clark Kissick, deceased, under and by virtue of the said deed poll from T. H. Hunter, sheriff.

The court entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

J. P. *Hunter*, with him A. B. *Angney*, for appellant.—Where the waiver of an inquisition was contained in the warrant of an attorney to confess judgment, and in the entry of judgment upon the warrant, and a memorandum was made of the waiver upon the record, but the warrant itself was not filed in the prothonotary's office, it was held sufficient: Kimball v. Kelsey, 1 Pa. 183; Mitchell v. Freedley, 10 Pa. 209.

We urge the proposition that where a waiver of inquisition is filed in the proper court, and that court issues to the sheriff a writ under which he is authorized to sell real estate, and in pursuance of the authority so conferred on him the sheriff does sell, and a deed poll is publicly acknowledged and delivered, and all this without fraud, that the sale is not void; and more particularly is this true where the sheriff's vendee conveys to a third

party who enters into possession of the same, and remains in undisputed and peaceable possession for a period of more than fifteen years: St. Bartholomew's Church v. Wood, 61 Pa. 102; Spragg v. Shriver, 25 Pa. 283; Wray v. Miller, 20 Pa. 111; Gardner v. Sisk, 54 Pa. 508; Thompson v. Phillips, 1 Bald. 246; McFee v. Harris, 25 Pa. 102; Crawford v. Boyer, 14 Pa. 380; McLaughlin v. McLaughlin, 85 Pa. 323; Hunt v. Devling, 8 Watts, 403; Bennett v. Fulmer, 49 Pa. 160.

An attorney has generally, by virtue of his retainer, authority to do only those acts in or out of court necessary or incidental to the prosecution or management of the suit, and which affect the remedy only, and not the cause of action: Weeks on Attorneys at Law, 453; Babb v. Stromberg, 14 Pa. 397; Sargeant v. Clark, 108 Pa. 588; Jobe v. Hunter, 165 Pa. 5; Whitesell & Sons v. Peck, 165 Pa. 575.

*A. N. Hunter*, with him *E. B. Patterson*, for appellee.——Without reference to what the reason may be upon which the courts have based their decision that a sale on a writ of fi. fa. without inquisition is absolutely void, it is nevertheless unquestionable that a sale on such writ without an inquisition is absolutely void: Baird v. Lent, 8 Watts, 422; Gardner v. Sisk, 54 Pa. 506; Shoemaker v. Ballard, 15 Pa. 92; St. Bartholomew's Church v. Wood, 61 Pa. 97.

We submit that an attorney at law has no authority by virtue of his general retainer to waive the right of inquisition: Weeks on Attorneys at Law, 453; Hadden v. Clark, 2 Grant, 107.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1898:

The sale could not be held void for want of apparent authority in the sheriff to sell under the fi. fa. because the record discloses a waiver of inquisition and extension, duly indorsed by the prothonotary on the writ, but as the waiver is by attorney the substantial question in the case is whether such a waiver is valid. On this point the case stated is not as exact as it should be. Its language is, " said defendants, by John G. McConnell, their attorney, by writing filed, . . . . waived the right of inquisition and extension," etc. If we should hold the present parties to the literal wording of the case stated there would be no question at all, for it avers a waiver by the defendants in

the execution, and there can be no doubt that they could do that act as any other by attorney if duly authorizing him, which the language literally implies. But the real question intended to be raised is the authority of an attorney, by virtue of his retainer and without express instructions, to waive inquisition, so as to make valid a sale of land upon levy and fi. fa.

The acts which an attorney may do by virtue of his retainer are readily distinguishable into two classes, first, those in which his authority is absolute and his action binding on the client without regard to the latter's consent in fact, and secondly, those in which he is presumed to be acting in accordance with his instructions, and which are therefore prima facie valid, but which the client may nevertheless disaffirm. Of the first class are all the steps in the regular progress of litigation, including even the giving up of technical, though substantial, advantages, such as a nonsuit: Reinholdt v. Alberti, 1 Binn. 469. The second class is not so capable of definition, but, in general, it embraces all such acts as are customary for attorneys to do, even though collateral to the technical course of procedure, and which do not involve the sacrifice of the cause of action. It is frequently said that the implied authority of the attorney does not extend beyond judgment, but this is too strong a statement. No doubt the chief part of the authority of the retainer ordinarily ends with judgment, but not always. Thus it has been often held that the plaintiff's attorney may collect the judgment, and a payment to him without execution, even long after judgment, is a good payment to discharge the debtor: Reinholdt v. Alberti, 1 Binn., supra; Lynch v. Com., 16 S. & R. 368; McDonald v. Todd, 1 Grant, 17. The office of a general retainer is to authorize the attorney to take care of the interests of his client in the litigation, pending or imminent, and in so doing to take all the steps necessary, or only usual and proper, to that end. In a suit for a debt, therefore, the plaintiff's attorney may not only recover a judgment, but may go on and collect it by execution or otherwise, but he may not accept satisfaction in anything but money. The courts have drawn the line here, because money is the practical object of the suit, and the client's interest authorizes the obtaining of it by any of the ordinary means of litigation, but not the satisfaction or release of the judgment except for money: Whitesell v. Peck, 165 Pa. 571.

The office of a retainer for the defendant is equally broad. It is to defend the suit for the protection of his interests, and yet it has been uniformly held that the attorney may agree to an amicable action, and may confess judgment: Coxe v. Nicholls, 2 Y. 546; Kimball v. Kelsey, 1 Pa. 183; Flanigen v. Phila. 51 Pa. 491; Swartz v. Morgan, 163 Pa. 195. But the interests of the defendant no more end with the judgment than those of the plaintiff, if in fact they are not even more vitally involved. There is therefore no more reason why the attorney's authority should be arbitrarily held to terminate at this point in one case than in the other. As already said, the plaintiff's attorney may issue execution, and control it, give time to the defendant, direct the sheriff to postpone sale, etc.: Lynch v. Com., 16 S. & R. 368, and why should not the defendant's attorney, at least in a case where execution immediately follows judgment in the suit he was retained to defend, be presumed to be authorized to continue his care over his client's interests? We know that it is every day's practice for lawyers to do so, and presumptions are founded on average experience of what like parties would do under like circumstances. A waiver of inquisition raises a mixed question of expediency and law. Whether the property pays enough profit to require an extent, and whether under the defendant's circumstances it will be best for him in the end to have it extended, may be largely a question of business judgment, but the additional costs, expenses and disadvantages of management by the creditor during the extent, etc., are matters in which legal knowledge and experience are weighty factors, and in which as we know the services of lawyers are usually availed of. The matter is one which goes not to the substance of the action itself, but largely to the mode of proceeding. When therefore an attorney who has been acting for the defendant up to judgment on which execution is promptly issued, files a waiver of inquisition, it is to be presumed that he is acting under authority, and if the client desires to disavow he must do so within a reasonable time.

In the present case we are relieved from the consideration of the question of what is a reasonable time, so much discussed in Wray v. Miller, 20 Pa. 111; Spragg v. Shriver, 25 Pa. 284, and the somewhat conflicting cases which have criticised, limited or followed them. The stringency of the rule announced in Spragg

v. Shriver has been relaxed, but the principle of the case is sound and unchanged, that the defendant who may disaffirm his attorney's act will be barred of his right by unreasonable delay, or by conduct which is persuasive of acquiescence and ratification. On the case stated it appears that in 1881 a judgment was obtained (for more than the present value of this property, it may be noted), followed by immediate levy, the waiver by attorney was filed, and the land sold under the fi. fa., the plaintiff in the judgment became the purchaser and went into possession, and no move to disavow or object has been made by the defendants in the execution for more than sixteen years. Under these circumstances the presumption that the attorney was duly authorized and the sale, therefore, regular in this respect, has become conclusive, and the sale is no defect in plaintiff's title.

Judgment reversed and record remitted with instructions to enter judgment for the plaintiff on the case stated.