## Light *v.* Zeller.

195    315
Case 2
21 SC ¹152

195    315
Case 2
24 SC ¹209

195    315
Case 2
30 SC ¹421

195    315
Case 2
f41SC 288

*Sheriff's sale—Setting aside sale—Inadequacy of price.*

It is the settled rule that while inadequacy of price is not by itself sufficient to justify the court in setting aside a sheriff's sale, yet where there is great inadequacy the court may seize upon other circumstances in order to give relief. What other circumstances are sufficient for this purpose is largely in the discretion of the court below, and the Supreme Court will not review the exercise of this discretion, except in extreme cases.

The Supreme Court will not reverse an order of the court below setting aside a sheriff's sale of a church where it appears that in addition to gross inadequacy of price, the notice of the sale was deficient in omitting to state that there was a well of water on the premises, and that a portion of the building was fitted up as a residence.

Argued Feb. 14, 1900. Appeal, No. 390, Jan. T., 1900, by Nathaniel B. Light, from order of C. P. Lebanon Co., June T., 1897, No. 304, setting aside sheriff's sale to him in case of Jacob L. Light, Assignee, et al. v. D. W. Zeller et al. Before Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Rule to set aside sheriff's sale.

The grounds upon which the sale was set aside were stated by ERHGOOD, P. J., as follows:

It is not denied that the property in question was sold for a grossly inadequate price. Its value is estimated by a number of witnesses to be from $2,500 to $3,000. It was sold by the sheriff for $960. It is only necessary in connection with inadequacy of price to consider the absence of notice in the advertisement of a well of water on the premises and of a dwelling portion or apartment, in the basement of the church for the janitor and his family, to come to the conclusion that this sale must be set aside.

It is unusual to have a portion of a church building set apart and used as a residence, and as this is the fact in the present case, notice should have been given of the same, as also of the well, the necessity for which is apparent when the janitor has his residence in the church.

Sale set aside.

*Error assigned* was the order of the court.

*J. M. Funck*, for appellant.—A sheriff's sale will not be set aside for mere inadequacy of price: Hollister v. Vanderlin, 165 Pa. 252; Cake v. Cake, 156 Pa. 47; Young's App., 2 Penrose & Watts, 382; Ritter v. Getz, 161 Pa. 648.

*Thomas H. Capp* with him *E. W. Miller*, for appellees. —There being nothing to show that, in setting aside this sheriff's sale, there was an abuse of that discretion with which the court below is invested, this court will not interfere: Ritter v. Getz, 161 Pa. 648; Germer v. Ensign, 155 Pa. 466; Stroup v. Raymond, 183 Pa. 279; Media Title & Trust Co. v. Kelly, 185 Pa. 133; McGonigle v. Johnson, 8 Pa. C. C. Repr. 653.

PER CURIAM, April 9, 1900:

It is the settled rule that while inadequacy of price is not by itself sufficient to justify the court in setting aside a sheriff's sale, yet where there is great inadequacy the court may seize upon other circumstances in order to give relief: Ritter v.

Getz, 161 Pa. 648; Stroup v. Raymond, 183 Pa. 279. What other circumstances are sufficient for this purpose is largely in the discretion of the court below, and whether or not we should in its place have reached the same conclusion in the present case, we have not been convinced that there was error which calls for reversal. As said in Ritter v. Getz, supra, " we do not review the action of the lower courts in setting aside sheriff's sales except in extreme cases, and this is not one of them. "

Appeal dismissed.