## Snyder *v.* Snyder.    Zartman's Petition.

*Sheriff's sale—Setting aside sale—Notice—Inadequacy of price —Discretion of Court.*

1. The setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the court below and unless there is gross and manifest abuse of that discretion its decree will not be disturbed on appeal.

2. A refusal to set aside a sheriff's sale upon petition of the executor of a deceased part-owner of the property was sustained where the only grounds properly pleaded for setting aside the sale were lack of notice and inadequacy of price, and it appeared that the petitioner had not set up lack of actual notice in the court below, which court had found that the proceedings were regular and that the returns were sufficient; and it further appeared that the mortgage under which the property was sold was an old one upon which the petitioner's decedent had no personal responsibility, that the accompanying bond had no value; that the real cost to the purchaser was substantial; and that the petitioner neither tendered a price above the purchaser's bid at the sheriff's sale nor offered to secure a purchaser at a higher figure, nor did he provide a bond in the usual form to guarantee a better bid.

Argued February 3, 1914. Appeal, No. 30, Jan. T., 1914, by Rufus C. Zartman, Executor of the last will and testatment of Sarah Jane Mumbauer, Deceased, from decree of C. P. Montgomery Co., Oct. T., 1913, No. 38, overruling motion to set aside sheriff's sale in case of Henry H. Snyder, Assignee of Jacob B. Snyder and Henry H. Snyder, Executors of George Snyder, Deceased, v. Monroe Snyder and Hiram Yeakle, Original Mortgagors, and Maria Mumbauer, widow, Ella Mumbauer, and Sarah Jane Mumbauer, Heirs of Aaron S. Mumbauer, Deceased, Real Owners. Before FELL, C. J.,

BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Motion to set aside sheriff's sale. Before WEAND, J. The facts appear by the opinion of the Supreme Court. The court below overruled the motion and confirmed the sale, at the cost of the petitioner.

*Error assigned* was the decree of the court.

*Charles H. Edmunds,* with him *J. Ambler Williams,* for appellant.

*Henry Freedley,* with him *A. R. Place,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 2, 1914:
This is an appeal from a decree refusing to set aside a sheriff's sale. The appellant's petition to the court below averred that he was the executor of Sarah Jane Mumbauer; that his decedent died March 14, 1913, in the County of Philadelphia, seised and possessed of a one-half undivided interest in the fee of a certain piece of real estate in the County of Montgomery; that he secured his letters testamentary March 19, 1913, and immediately thereafter learned of his decedent's interest in this real estate; that he was further informed that one Aaron S. Mumbauer, deceased, had in his life-time entered into an agreement to sell the real estate in question for $8,000, and that the settlement of his estate was pending in Montgomery County; that "in consequence of the aforesaid information your petitioner expected that a petition would be presented to the Orphans' Court......for authority to consummate the sale upon the receipt of the said consideration money"; that on May 29, 1913, the appellee, who held a mortgage upon the property, issued a scire facias for nonpayment of interest; that the sheriff returned "service accepted" as to the occupiers or tenants of the land, and

also as to Maria Mumbauer and Ella Mumbauer (the step-mother and sister of the appellant's decedent), who together with the latter were named as real owners, and "nihil habet" as to the other defendants, consisting of the original mortgagors and Sarah Jane Mumbauer (the appellant's decedent); that an alias scire facias was returned as served in the same manner, and subsequently judgment was entered for $2,159.67, together with interest from July 13, 1913; that the property was seized in execution, and on September 24, 1913, was sold to the plaintiff in the writ (appellee here) for $200; that the·petitioner had no actual notice of the foreclosure proceedings until October 4, 1913, when he retained counsel to defend his interests; that under the will of Sarah Jane Mumbauer the petitioner was fixed with the duty of paying a bequest of $1,000 to her sister, Ella Mumbauer, and certain charitable bequests amounting to $800, and in order to do this he had to realize the value of his decedent's interest in the mortgaged real estate; that the price paid by the purchaser at the sheriff's sale was "grossly inadequate"; that he was "informed that said premises are worth a figure approaching the sum of $8,000 and believes that if the property should again be exposed to sale, such sale will result in procuring a bid approaching the sum of $8,000"; and that he was "ready to tender to the plaintiff full payment of his debt, interest and costs......upon the assignment to your petitioner of the bid of said plaintiff, and the delivery to the petitioner of a deed discharging the premises from the lien and operation of the aforesaid mortgage......and the judgment entered thereon."

There is nothing in the petition to show what relation Aaron S. Mumbauer, deceased, had to the real estate under consideration or to the petitioner's decedent, or by what right he assumed to make a contract to sell the property; nor is there any averment concerning the supposed contract of purchase sufficient to show an attempt or purpose to deceive the petitioner or to justify a se-

rious belief that a sale of the property for $8,000 was about to be consummated. The appellant admits in his petition that he "is not able to aver that the plaintiff had notice of the death of Sarah Jane Mumbauer"; but he states the belief that the appellee "must have of necessity elicited the information that she was deceased and that letters testamentary upon her estate had been granted to your petitioner." The petition is vague in many other respects, but we gather from the paperbooks that Aaron S. Mumbauer was the father of Sarah Jane Mumbauer, and that the respective interests in the property were inherited from him.

No answer was filed or depositions taken, and the petition seems to have been placed upon the argument list and disposed of without demurrer or other pleadings. While much extraneous matter is printed in both paperbooks, and the case was argued by counsel for the appellant upon the theory that a conspiracy of some kind had been entered into between the owner of the mortgage and Maria Mumbauer and Ella Mumbauer, yet, there is no averment in the petition to that effect and no evidence whatever upon the record to justify such an attack. The only grounds properly pleaded for setting aside the sale appear to be, (1) lack of actual notice, (2) inadequacy of price. But the appellant argues that the affidavit concerning the real owners filed of record in the mortgage suit does not contain certain essential averments and, therefore, the judgment was improperly entered and the sale should be set aside for that reason. It is sufficient to say as to this that the petitioner set up no such reason in the court below and, in view of the conclusion of that tribunal that "the proceedings were regular" and "the returns of nihil habet were sufficient," we must assume that all statutory requirements were properly complied with prior to the entry of the judgment; under the circumstances, the lack of actual notice cannot avail the appellant at this time.

As to the alleged inadequacy of price, it appears that

the mortgage was an old one upon which the petitioner's decedent had no personal responsibility, that the accompanying bond had no value, and that the real cost of the property to the purchaser was about $2,400. The court below, in the opinion refusing to set aside the sale, states, inter alia, "neither the widow, Maria Mumbauer, or her other daughter, Ella, are contesting the proceedings ......It appears that the estate of Sarah Jane Mumbauer is insufficient to pay debts and legacies, and we fail to see how her executor could purchase this real estate at another sale. The usual rule in granting a resale is to require security that it (the property) will bring more at another sale. If the executor should give bond and the property failed to bring more, he might be involved, for we would require an amount to be paid in relation to the value of the property. The averment that the property is worth $8,000 is not sustained by depositions and we cannot assume it as a fact...... We cannot set aside a sheriff's sale for mere inadequacy of price unless it is so glaring as to invoke our discretion....:....As the widow and the daughter are content, we do not regard the position of the petitioner as meritorious." It is to be noted that while the petitioner made a vague general averment concerning his notion of the value of the property, yet, he neither tendered a price above the bid nor offered to secure a purchaser at a higher figure; nor did he proffer a bond in the usual form to guarantee a better bid. His only proposal was to pay to the appellee what the property would cost him. We but recently stated in Chase v. Fisher, 239 Pa. 545, 548, "It is settled that the setting aside or refusing to set aside a sheriff's sale, is in the sound discretion of the court below, and unless there be a manifest and gross abuse of that discretion, this court will not disturb the decree." We are not convinced of such an abuse in this case.

The assignment of error is overruled and the decree is affirmed.