## Somerville *v.* Hill.

## Miller's Appeal.

*Sheriff's sales — Irregularities — Misdescription — Setting aside sales—Discretion of court—Holder of legal title—Trustees.*

1. Setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the court below, and the decree of the court will not be reversed in absence of clear abuse of discretion.

2. The fact that the description of property advertised by a sheriff for sale contained a technical misstatement of the street numbers was held not to be such an irregularity as would justify the setting aside of the sale, where it appeared that the premises were otherwise properly described.

3. Upon a rule to show cause why a sheriff's sale of real estate should not be set aside it appeared that the petitioner was the holder of the legal title, subject to the direction and control of trustees. Previous to the sale the trustees presented a petition asking that the writ be stayed, which petition the court dismissed on the morning of the sale. The sheriff before beginning the sale and before being advised of the discharge of the rule by the court, announced the property in question would not be offered for sale; subsequently, the sheriff was notified of the court's action and counsel for the parties in execution requested that the sale be proceeded with and the property was then sold. There was some evidence that persons intending to bid on the property had left prior to the sale. The attorney who represented the trustees in the petition to stay the sale, bid on the property, but not for the trustees, and made no protest against the sale. The trustees did not complain in the petition to set aside the sale nor did the petitioner complain on their behalf but on his own as real and registered owner. The petitioner did not offer to bid or secure a purchaser at a higher price. *Held,* the court below properly discharged the rule.

4. Doubt if petitioner has such interest in the property as to entitle him to intervene in his own behalf.

Argued Jan. 22, 1918. Appeal, No. 312, Jan. T., 1917, by Gerald F. Miller, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1916, No. 3315, discharging rules to show cause why a sheriff's sale of real estate should not be set aside in case of Anna M. Somerville v. Thomas D. Hill. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Rule to show cause why a sheriff's sale of real estate should not be set aside. Before McMICHAEL, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Petitioner appealed.

*Error assigned* was the order of the court.

*Graham C. Woodward,* for appellant.

*Francis V. Godfrey,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 11, 1918:

Gerald F. Miller, as petitioner, appeals from the action of the court below in discharging a rule to show cause why he should not be permitted to intervene as a party defendant, and why a sheriff's sale of real property should not be set aside because of the misdescription of the premises in the sheriff's advertisement, and the misleading announcement at the sale, alleged to have resulted in an inadequate price being received for the property.

Appellant averred he was the real and registered owner of the premises in question. That he was the registered owner is admitted in the answer; it is denied, however, he was the real owner, and the evidence shows he was merely the holder of the legal title on behalf of his father who was one of the executors and trustees under the will of Peter J. Tieman, to whom the property had been devised in trust. A mortgage covering the premises at the death of Tieman had previously been foreclosed

and the property bought by Hill, the defendant, who executed a new mortgage to plaintiff, upon which the present proceedings were begun to enforce payment. After title was taken and the mortgage executed by Hill, the property was, for some reason not made clear, transferred to appellant to hold as stated by his counsel "upon the trusts contained in Peter J. Tieman's will," for which estate appellant's father, David J. Miller, was a trustee. From the foregoing statement of facts it seems the interest of appellant in the property was as holder of the legal title, subject to the direction and control of the trustees, one of them his father. Previous to the sale the trustees presented a petition to the court below asking that the writ be stayed pending the determination of certain litigation in the Orphans' Court, which petition the court dismissed on the morning of the sale. The sheriff having received notice of the application to stay the sale, immediately before beginning the sales of the various properties, and before being advised of the discharge of the rule by the court, announced the property in question would not at that time be offered for sale. Before the premises were reached on the list, however, the sheriff was notified of the court's action and counsel for plaintiff and for defendant in the execution joining in a request that the sale be proceeded with, he then offered the property for sale. Evidence was produced to show that in the meantime persons intending to bid on the property had left the room and were not present when the sale took place. The attorney who represented the trustees in the petition to stay the sale was in the court room and bid on the property, stating, however, he did so on behalf of another client, and not as the representative of the trustees. He also testified he made no protest against the sale, and considered the trustees had discharged their duty in attempting to secure a postponement. The trustees are not here complaining, nor is appellant complaining on their behalf, but on his own behalf as real and registered owner. It may be doubted

whether appellant has shown such interest in the property as entitles him to intervene on his individual behalf, and especially is this so as he does not claim to act on behalf of those who have the beneficial interest.

Neither does it appear that the description was calculated to mislead bidders. The property alleged to have been insufficiently described consisted of a lot on which was built a three-story brick house and a two-story brick stable. On the books of the board of revision of taxes the house is No. 2409, and the stable Nos. 2411-2417 Cedar street. In advertising the premises they were properly described by metes and bounds but the numbers were given as 2409-11-13 Cedar street instead of 2409-11-13-15-17 Cedar street. The evidence failed to show that there were in fact any numbers on the property except on the house, which was No. 2409.

This case falls within Home Buyers' B. & L. Assn. v. Peterman, 253 Pa. 418, where premises, described as messuage, in fact consisted of a three-story brick store with two upper floors suitable for apartments, and also a garage. The court below held in an opinion adopted on appeal (page 421) that, as "the dimensions of the lot are correct, the property is a corner property, so that the garage was visible to any one inspecting it and no allegation appears in the petition that any buyers were deterred from bidding, and the person who makes the objection does not allege that she had no knowledge of the sale, and there is no offer on the part of the petitioner, either individually or as trustee, to make any bid at a sale," the rule was properly discharged. In the present case it is difficult to see how the omission of the additional street numbers could have misled anyone, in view of the situation of the property, the notice of the improvements and the fact that the only number on the main building was 2409. The additional numbers in the advertisement gave notice that more than the single building was included in the sale.

A discussion at length of the irregularity in the sale

by reason of the announcement that the premises would not be sold and the subsequent sale thereof becomes unnecessary, as it does not appear appellant was harmed thereby. The evidence offered to show that, following the announcement of a postponement of the sale by the sheriff, intending bidders left the room, is not convincing. Furthermore, appellant makes no offer to bid or secure a purchaser at a higher price merely averring he is informed and believes that upon a resale the property would bring approximately $8,000. This is not enough: Snyder v. Snyder, 244 Pa. 331.

Appellant not only failed to establish to the satisfaction of the court below that he possessed sufficient interest to enable him to intervene, but also failed to produce sufficient evidence of a material misdescription and an irregularity resulting in the sale of the property at a less price than would otherwise have been obtained. We can find no such error in the record as would justify a reversal.

Setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the court below, and the decree of that court will not be reversed in absence of clear abuse of discretion: Chase v. Fisher, 239 Pa. 545; Snyder v. Snyder, 244 Pa. 331; Watkins v. Justice, 256 Pa. 37.

The judgment is affirmed.