## Ostrom *v.* Datz, Appellant.

*Wills—Construction—Election of widow to take against will— Effect on residuary legatees—Trust for disappointed claimants— Proceedings to sequester — "Money" may include real estate — Words and phrases—Intestacy.*

1. No testator is presumed to die intestate as to any part of his property, if the words of the will carry the whole.

2. Partial intestacy is not to be presumed if the words used will carry the whole estate.

3. A construction is to be given a will which will avoid partial intestacy.

4. A testator is presumed to know that his widow may take against his will.

5. Where a wife elects to take against her husband's will, equity executes the substituted devises and bequests to the wife as a trust in her for the benefit of the disappointed claimants to the amount of their interest, and the court will assume jurisdiction to sequester the benefit intended for the refusing wife in order to secure compensation to those whom her election disappoints.

6. No proceedings to sequester are necessary, where the assets are sufficient to pay the specific legacies in full, and there are no other than the residuary legatees affected by the widow's election.

7. Where a court of equity would decree a conveyance of the legal title to the cestui que trust, the trust will be considered as executed without a formal conveyance.

8. Where a testator devises specific real estate to his wife in fee, makes certain specific bequests, and provides that as to the remainder of his "money" which should remain after the payment of expenses and bequests, the same should go to two charities named, and the widow takes against the will, and the legacies are paid in full with the result that the fund which would have been distributed to the charities was decreased in an amount more than equalling the value of the real estate, the word "money" comprehended real estate, and the charities take a marketable title in fee therein without further proceedings.

Argued April 24, 1922. Appeal, No. 95, Oct. T., 1922, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1922, No. 235, for plaintiff in case of Peter G. Ostram v. Charles F. Datz. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before WHITTEN, J.

The opinion of the Supreme Court states the facts.
Judgment for plaintiff. Defendant appealed.

*Error assigned* was judgment, quoting record.

*A. C. Snively,* for appellant.—An heir cannot be disinherited except by express words, or necessary implication: Rupp v. Eberly, 79 Pa. 141; Shaner v. Wilson, 207 Pa. 550; Watson v. Martin, 228 Pa. 248; Dickson v. Edwards, 263 Pa. 364; Robinson's Est., 266 Pa. 251.

The words "the remainder of my money," as used in the will, did not dispose of the real estate: Baker and Wheeler's App., 115 Pa. 590; Widener v. Beggs, 118 Pa. 374; Howe's App., 126 Pa. 233; Levy's Est., 161 Pa. 189; Bruckman's Est., 195 Pa. 363; Watson v. Martin, 228 Pa. 248; Miller v. Bower, 260 Pa. 349; Wilkinson's Est., 192 Pa. 127.

*Carroll Caruthers,* for appellee.—A widow's election not to take under the will of her husband does not create intestacy as to the bequests to her: Hinnershits v. Bernhard, 13 Pa. 517; Paul v. Paul, 36 Pa. 270; Bradford v. Kentz, 43 Pa. 474; Sullivan v. Kieffer, 122 Pa. 135; Levengood's Est., 38 Pa. Superior Ct. 491.

A widow's election to take against the will of her husband is equivalent to her death in reference to the property not affected by her election: Coover's App., 74 Pa. 143; Ferguson's Est., 138 Pa. 208; Vance's Est., 141 Pa. 201; Woodburn's Est., 151 Pa. 586; Disston's Est., 257 Pa. 537; Carrigan's Est., 68 Pa. Superior Ct., 264.

A will must be construed so as to avoid a partial intestacy, unless the contrary is unavoidable: Hofius v. Hofius, 92 Pa. 305; Reimer's Est., 159 Pa. 212; Woodside's Est., 188 Pa. 45; Vance's Est., 209 Pa. 561; Worst v. DeHaven, 262 Pa. 39; Dorris's Est., 63 Pa. Superior Ct. 345.

The word "money," as used in the residuary clause of the will, should be reasonably interpreted so as to pass the real estate: Jacob's Est., 140 Pa. 268; Reimer's Est., 159 Pa. 212; Levy's Est., 161 Pa. 189; Bruckman's Est., 195 Pa. 363; Dodson's Est., 253 Pa. 344.

OPINION BY MR. JUSTICE SCHAFFER, May 15, 1922:

This is a case-stated to determine whether plaintiff has a fee simple title to the land described in his agreement of sale to defendant; the latter denies that he possesses such an estate. The court below decided plaintiff can convey a fee simple title and entered judgment in his favor; defendant appeals.

Robert M. Cavett died seized of the property in question, leaving a will in which he devised it to his wife in fee. After making a number of specific bequests he provided, "And as to the remainder of my money which shall remain after the payment of my debts and funeral expenses, and the aforesaid specific and pecuniary legacies, I give to the Home Missionary Society of the Presbyterian Church and to the Foreign Missionary Society of the Presbyterian Church in equal shares."

The widow elected to take against the will, as a result of which the fund which would have been distributed to the two missionary societies was decreased in an amount more than equalling the value of the house. Following the death of the widow, each of the missionary societies conveyed an undivided half interest in the property in question to Anna Ostram, who by her will devised it to her husband, the plaintiff. The court below—referring to the familiar principles that no testator is presumed to die intestate as to any part of his property if the words of the will will carry the whole (Hofius v. Hofius, 92 Pa. 305; Reimer's Estate, 159 Pa. 212) and that partial intestacy is not to be presumed if the words used will carry the whole estate and a construction is to be given a will which will avoid partial intestacy, unless the contrary is unavoidable (Woodside's Estate, 188 Pa. 45; Worst v. DeHaven, 262 Pa. 39) and adverting to the presumption that the testator knew that his widow might take against his will—determined that the language of the reversionary clause, "And as to the remainder of my money which shall remain after the payment of my debts and funeral expenses and pecuniary legacies, I give to

the Home Missionary Society of the Presbyterian Church and to the Foreign Missionary Society of the Presbyterian Church in equal shares," carried the fee in the property in question to these two societies.

In Jacob's Estate, 140 Pa. 268, we held the following language, "The remainder and residue of my money I give and bequeath to the Hospital of the Protestant Church in Philadelphia," passed real estate of which testatrix died seized, in the course of the opinion saying, "That the word 'money' is popularly known and used as indicating property of every description is well known." See also Arnold's Est., 240 Pa. 261, 264.

It is apparent from the will before us that in using the word "money" in the connection he did, testator intended to dispose of all his property remaining after the specific devise and bequests. "It is the settled rule in Pennsylvania that where a wife elects to take against her husband's will, equity executes the substituted devises and bequests to the wife as a trust in her for the benefit of the disappointed claimants to the amount of their interest therein, and the court will assume jurisdiction to sequester the benefit intended for the refusing wife in order to secure compensation to those whom her election disappoints": Evans's Est., 150 Pa. 212.

While in the case in hand no proceedings were begun in the court below to sequester the property devised to the widow and which she rejected, it was not necessary that this should be done as there were no other than the two residuary legatees affected by her election, the specific legacies having been paid in full. As the property in question was a trust for their benefit, and necessarily a dry one, the statute of uses executed the use by converting it into a legal estate in the beneficiaries (39 Cyc. 289), and the cestuis que trust may convey the estate and pass a good title: 39 Cyc. 220. Where a court of equity would decree conveyance of the legal title to the cestuis que trust, the trust will be considered as executed with-

out a formal conveyance: Chamberlain v. Maynes, 180 Pa. 39; Sheaff's Estate, 231 Pa. 251.

The court below properly concluded that the result of the widow's election to take against the will was to give the disappointed residuary legatees a substitutionary interest in the property in question for the legacies as to which they were disappointed, and that, under the terms of the will, the word "money" comprehended this real estate; that they, by the conveyances to Anna Ostram vested her with a fee simple title thereto, which passed by her will to plaintiff and by his deed will become vested in defendant; the court, therefore, rightly entered judgment for plaintiff.

The judgment is affirmed at appellant's cost.