FERGUSON, Judge.
The dispositive issue in this appeal is whether the trial court correctly set aside an execution sale and sheriff’s deed on the grounds that the bid price was inadequate and connected with irregularities.
The property in question was sold at a sheriff’s sale to enforce a judgment lien against Sapp Brothers Construction Company, the original owners of the property. McAlice purchased the property with a high bid of $600.00. The property was appraised at $92,000.00 as of the date of the sheriff’s sale and was one of three parcels encumbered by a single first mortgage of approximately $100,000.00. At the time of the sheriff’s sale, appellees, the Andersen group, had initiated mortgage foreclosure proceedings against the property pursuant to a recorded $20,000.00 second mortgage which appellees had given Sapp subsequent to the judgment lien but prior to the execution of that judgment lien. After purchasing the property, McAlice filed a quiet title action against appellees seeking an adjudication that appellees’ $20,000.00 mortgage was inferior and junior to the judgment lien upon which his purchase was based. Appel-lees then joined McAlice as a defendant in the pending foreclosure action.
The trial court entered summary judgment against appellant McAlice in the foreclosure action commenced by appellees Andersen, Sheffield and Kirsch, and against appellant in the corresponding quiet title action whereby McAlice sought to establish title to the property. Both judgments are appealed and have been consolidated by this court.
Under Florida law an inadequate purchase price alone is an insufficient basis for setting aside a sheriff’s sale; a party must also show that the low price is coupled with or resulted from mistake, fraud, accident, surprise, misconduct or irregularity. Arlt v. Buchanan, 190 So.2d 575 (Fla.1966); Moore v. Dade Glass and Mirror Company, Inc., 357 So .2d 221 (Fla.3d DCA 1978), cert. denied, 361 So.2d 834 (Fla.1978); Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla.2d DCA 1973); Edward A. Lashins, Inc. v. Baumann, 201 So.2d 495 (Fla.2d DCA 1967), cert. denied, 210 So.2d 221 (Fla.1968).
Although appellees alleged several irregularities, they fail to point to any mistake or irregularity in the sale which actually prejudiced appellees or any other interested party or caused the inadequate bid which would permit vacating the sheriff’s deed as a matter of law. See Taylor v. Bailey, 323 Pa. 278, 185 A. 699 (1936). Compare Moore v. Dade Glass and Mirror Company, supra (fact that notice of sale failed to state whether sale was to be inside or outside courthouse did not require vacation of sale based on inadequate bid) with Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla.1974) (sale vacated where serious question of good faith and evidence that party would have bid substantially higher). We reject appellees’ argument that one such fatal irregularity or mistake was the Sher *565 iff’s announcement at the time of the sale that he was selling all right, title and interest of the judgment debtor Sapp as of the date of the sale rather than such interest of the judgment debtor as of the time the judgment became a lien upon the real property. In conducting an execution sale, the sheriff acts in a ministerial capacity, see, e. g., Camp v. Moseley, 2 Fla. 171 (1848), and makes no representations or warranties as to title. He is not charged with any affirmative duty of ascertaining the state of the title for the purpose of disclosing it to bidders. All that could pass by the sale was appellees’ interest in the property, whatever that might be. Taylor v. Bailey, supra.
Reversed with directions to enter judgment in favor of appellant.