## Freeman et al. *v.* Cohen, Appellant.

*Real estate—Sales of real estate—Public sales—Rescission—Misdescription—Case for jury.*

In an action of assumpsit by auctioneers to recover the amount of a check given on account of the purchase of real estate at auction, the defense was that there was a misdescription in the property sold. One of the conditions of the sale was "that if the property sold can be identified by the description as given or any part thereof, he (the purchaser) will accept the same in complete satisfaction." The lot was correctly described by meets and bounds although there was some evidence that the house numbers were incorrect.

Under such circumstances the case was for the jury as to whether there was such a mutual mistake between the vendors and vendee as would avoid the purchase and a verdict for the plaintiff will be sustained.

Argued October 20, 1926. Appeal No. 128, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, June T., 1923, No. 843, in the case of George C. Freeman, Samuel M. Freeman, Addison B.

Freeman and Albert L. Freeman, co-partners trading as Samuel T. Freeman and Company, v. L. Cohen. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover the amount of a check given as down money for the purchase of real estate at auction. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1171.66 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others the refusal of defendant's motion for judgment non obstante veredicto.

*William C. Schwebel,* for appellant.

*C. W. Conard,* of *Conard & Middleton,* and with him *Jesse H. Finn,* for appellee.

OPINION BY HENDERSON, J., December 15, 1926:

The plaintiffs were authorized by the owners to sell a lot in the city of Philadelphia, and, pursuant to that authority after due notice by advertisement, disposed of the same at public auction to the defendant who signed his bid and at the same time gave to the plaintiffs his check for $1000 as the hand payment required under the conditions of sale. The next day the defendant stopped payment of the check for the reason, as claimed by him, that there was a mistake in the description of the property sold, he having discovered that a part of the premises which he understood he was buying, did not belong to the owners represented by the plaintiffs. Thereupon this action was brought to recover the amount of the check. The purchase, the signing of the bid and the giving

of the check are admitted facts. The defendant claims he was misled by a misdescription of a part of the property. This resulted, as he contends, from a wrong number given out by the auctioneers. The property was described in the auctioneer's catalogue as follows:

"No. 53, Three-Story Brick Store and Dwelling, 2432 N. Front St. and Rear, 2431 N. Hope Street.

All that certain lot or piece of ground with the buildings and improvements thereon erected, situate on the west side of Front Street, at the distance of 294 feet northward from the north side of York Street, in the 19th Ward of the city of Philadelphia; containing in front or breadth on said Front Street 18 feet and extending westward of that width in length or depth between lines parallel with said York Street 110 feet, more or less, to Hope Street.

No. 2432 N. Front Street is a three-story brick store property with a two-story and a one-story brick back building, having large store, dining room and kitchen on first floor; 3 bedrooms and bath-room on second floor; 2 rooms on third floor; heater, range, hot and cold water, 2 large bulk windows in store.

No. 2431 N. Hope Street is a three-story brick twin dwelling, having 3 rooms each."

The defendant asserts that he understood he was buying the lot No. 2432 N. Front Street, extending with the uniform width of 18 feet to N. Hope Street and in addition thereto an adjoining lot fronting on Hope Street 18 feet in width and of a depth not stated. As thus described the property offered for sale would have had a frontage of 18 feet on N. Front Street and 36 feet on Hope Street. This is wholly inconsistent

with the description contained in the catalogue as above quoted, with respect to which there is no controversy. That describes a lot to be sold which is 18 feet in width on N. Front Street and extends westwardly between parallel lines to Hope Street. This is a clear description which excludes any reason for a mistake. It is not questioned that there is a three-story brick twin dwelling on Hope Street at the rear of No. 2432 N. Front Street within the parallel lines referred to in the description, and it is clear that the property which the defendant now says he supposed to be included in the sale is not within the lines of the N. Front Street property extending to Hope Street. He explains, however, that this other property had the number 2431 on the building and that the hand bill advertising the property the plaintiffs were about to offer for sale was also posted on that property. The property was described by metes and bounds in the public announcement at the time of the sale and the agreement signed by the defendant described the property as a lot 18 feet in width on Front Street and extending westwardly of that width between parallel lines 110 feet more or less to Hope Street. One of the conditions of the sale was "That if the property sold can be identified by the description as given or any part thereof, he (the purchaser) will accept the same in complete satisfaction," etc. There was evidence of the city real estate assessor of the 19th Ward that the rear end of lot No. 2432 N. Front Street is No. 2431 Hope Street and his evidence was supported by the official record of the Philadelphia Assessors' Department. On this state of facts the court submitted to the jury the inquiry whether there was such mutual mistake between the vendors and vendee as would avoid the contract of purchase and on this issue the verdict was for the plaintiffs. The complaint now is that the court did not enter judgment non obstante

veredicto for the defendant. As the case was presented at the trial there was no foundation for such action. In view of the definiteness of the description of the property as to its dimensions and the improvements thereon an inquiry or casual inspection of the property to be sold would have disclosed the fact that it was not proposed to convey more than eighteen feet on Hope Street and that there was only one three-story brick twin dwelling on the lot to be sold. The charge of the court was as favorable to the defendant, therefore, as the facts permitted; moreover, the condition of the contract signed by the defendant, above quoted, was evidently intended to include such a case as is now presented. There was little opportunity for mistake as to the identity of the property offered for sale in view of the specific boundaries stated, and there is no well founded support to the contention of the appellant. The case is quite like Somerville v. Hill, 260 Pa. 477, in which an allegation of misdescription was one of the questions for consideration.

The offer of the deed of the owners as set forth in the fourth assignment was within the line of the title involved and did the appellant no harm. If he had reasonable notice of the situation of the property for which he contracted his liability on the check sued on is a legal result. The assignments are overruled and the judgment affirmed.