# Lamberton's Estate.

*Wills—Conversion—Power of sale—Blending real and personal property.*

1. The presumption of law is against the fiction of conversion but this presumption is repelled (a) where there is a positive direction to sell, or (b) where a sale is necessary to carry out the provisions of the will, or (c) where the testator has so blended his real and personal

property as to unmistakably show an intention to raise a fund out of both real and personal estate which he bequeaths as money. In the first case conversion results from the direct command of the testator. In the other two cases it is implied from the intention of the testator.

2. Where a testator authorizes and empowers his executors to sell and execute deeds for real estate and to sell personal property, and directs the proceeds of his real and personal property to be reinvested, and that the residue of the estate shall be distributed, one-half to a nephew, and the other half to a charitable trust, the testator will be deemed to have converted into personalty a city lot of which he died seized.

*Taxation—Collateral inheritance tax—Nonresident—Conversion—Real estate.*

3. Where the will of a nonresident converts real estate situated in Pennsylvania, into personal property, such real estate is not subject to a Pennsylvania collateral tax.

Argued May 10, 1909. Appeal, No. 14, March T., 1909, by Benjamin P. Lamberton et al., trustees, from decree of O. C. Luzerne Co., No. 239 of 1907, dismissing appeal from collateral inheritance tax appraisement in Estate of Charles L. Lamberton, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Appeal from collateral inheritance tax appraisement.

From the record it appeared that Charles L. Lamberton, the testator, died in November 26, 1906, domiciled in New York City, and owning a lot and building thereon erected in the city of Wilkes-Barre, Pennsylvania. This lot was sold by his executors for $11,000. On this sum a collateral inheritance tax of five per cent was levied. The executors appealed from the appraisement, and claimed that the lot under the terms of the will had been converted into personal property, and was therefore not taxable in this state.

The court in an opinion by FREAS, P. J., dismissed the appeal.

The material portions of the testator's will are quoted in the opinion of the Superior Court.

*Error assigned* was decree dismissing the appeal.

*E. W. Smith*, of *Reed, Smith, Shaw & Beal*, with him *John S. Harding*, for appellants.—The testator, Charles L. Lamberton, was a resident of New York and died there, leaving real estate in Pennsylvania. He died without direct heirs and this real estate would be subject to a collateral inheritance tax if the will did not work a conversion. It is clear that if there was a conversion of this real estate it would, by fiction of law, become personal property and mobilia sequuntur personam it would be assumed to be in New York and not subject to the collateral inheritance tax in Pennsylvania: Miller v. Com., 111 Pa. 321; Coleman's Est., 159 Pa. 231; Vanuxen's Est., 212 Pa. 315; Schoenberger's Est., 221 Pa. 112.

The will worked a conversion: Hunt & Lehman's App., 105 Pa. 128; Keim's Est., 201 Pa. 609; Rauch's Est., 21 Pa. Superior Ct. 60; Yerkes v. Yerkes, 200 Pa. 419; Roland v. Miller, 100 Pa. 47; Jones v. Caldwell, 97 Pa. 45; Vanuxem's Est., 212 Pa. 315; Dean v. Winton, 150 Pa. 227; Wood's Est., 15 Pa. Dist. Rep. 55; Perot's App., 102 Pa. 235; Fahnestock v. Fahnestock, 152 Pa. 56; Marshall's Est., 147 Pa. 77.

*John J. O'Donnell*, for the commonwealth.—The presumption of the law is against conversion: Yerkes v. Yerkes, 200 Pa. 419; Page's Est., 75 Pa. 87; Drayton's App., 61 Pa. 172.

The status of the property at the instant of death must govern the question of tax, both as to liability and amount: Drayton's App., 61 Pa. 172; Mellon's App., 114 Pa. 564; Williamson's Est., 153 Pa. 508; Handley's Est., 181 Pa. 339.

OPINION BY HENDERSON, J., July 14, 1909:

The question on which the decision in this case depends is whether there was a conversion of the testator's real estate in Pennsylvania under the terms of his will. If a conversion took place the property is to be considered personal and would be assumed to be in the place of the decedent's domicile: Vanuxem's Est., 212 Pa. 315; Schoenberger's Est., 221 Pa. 112. The presumption of law is against the fiction of conversion, but this presumption is repelled (a) where there is a positive direction to sell, or (b) where a sale is necessary to carry out the pro-

visions of the will, or (c) where the testator has so blended his real and personal property as to unmistakably show an intention to raise a fund out of both real and personal estate which he bequeaths as money. In the first case conversion results from the direct command of the testator. In the other two cases it is implied from the intention of the testator: Hunt & Lehman's App., 105 Pa. 128; Rauch's Est., 21 Pa. Superior Ct. 60. Among the provisions of the will in question are the following: "Item. I authorize and empower my executors and trustees hereinafter named, to lease, sell and dispose of any real estate owned or possessed by me at the time of my decease, and to make, execute and deliver, good and sufficient deeds of conveyance for the same. And also to make, execute and deliver like deeds for any real estate, that may have been contracted to be sold, and conveyed prior to that time by me. And also to sell and dispose of and convert any personal property belonging to me. And I further direct that the proceeds of such real estate, and personal property thus sold, conveyed and converted shall, without unnecessary delay be reinvested safely and securely and the same thereafter shall be held, subject to the terms and conditions of this will." There is also a provision that the residue of the estate "shall be divided into two equal parts or portions" one of which is given to a nephew of the testator and the other half to the borough of Carlisle in trust for the uses and purposes specified in the will. The testator then directs that the custody, control, "investment and disbursement of said moneys so given" shall be vested in three trustees who shall consult, etc., "in the investment, management and disbursement of the said fund." In another item the bequest is designated as the "Charles Lamberton Educational Fund" and in the same item the trustees are directed to "invest the moneys arising from the said moiety of my estate" and makes provision for adding the "annual interest or income thereon to the principal sum" for a fixed period. The real estate involved is a lot in the city of Wilkes-Barre, twenty feet in front with a depth of fifty-eight feet eight inches, with the building thereon. It is not reasonable to suppose that the testator intended property of this kind to be

divided into two portions or that one-half of it was to be held by the trustees of the Carlisle fund as land. The provision for the division of the residue of the estate into two equal portions read in connection with the description of the estate which was to go into the hands of the trustees and the directions for the administration of that estate indicate a purpose on the part of the testator that all his estate be converted into money. After granting the authority to the executors to sell the real and personal estate he directs that the "proceeds of such real estate thus sold, conveyed and converted" shall be reinvested. Language could hardly show more clearly the purpose of the testator to produce a fund, and where such an intention appears if it also is evident that effect cannot be given to material provisions of a will without the exercise of the power of sale the conclusion necessarily follows that a conversion is effected by the will: Fahnestock v. Fahnestock, 152 Pa. 56; Rauch's Est., 21 Pa. Superior Ct. 60; Keim's Est., 201 Pa. 609. An equal division of the estate could not be accomplished without a sale of the land except by agreement between the legatees, which agreement could have no bearing on the interpretation of the will.

There is also the consideration that real and personal estate are blended by the will, and while this is not important in itself, yet when taken in connection with the clearly expressed intention to create a fund in that way, there is a warrant for holding that a conversion was intended: Hunt's App., 105 Pa. 128; Marshall's Est., 147 Pa. 77. Taking the whole plan of the testator into consideration as expressed in the will we conclude that an implied conversion arises from the necessity of the case and from the blending of real and personal property to produce a fund to be bequeathed.

It follows that the decree of the orphans' court is reversed.