## Talbot et al. *v.* Anderson, Appellant.

*Wills — Construction — "Money" — Real estate — Words and phrases.*

1. Where a testatrix uses the word "money" in her will as including all property owned by her, and refers to such property as "my estate," the word "money" will be construed as including real estate.

2. Where testatrix, owning stock, bonds, cash and real estate, after making various bequests in cash and specific articles, directs that "if there is any money left after everything is paid from my estate I would like it to be given" to persons named, the real estate does not go to the remaindermen named, but will be sold, and the proceeds thereof applied as money to make up the deficiency in the legacies directed to be paid in cash.

Argued January 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 106, Jan. T., 1928, by defendant, from judgment of C. P. Northampton Co., July T., 1927, No. 21, for plaintiffs on the whole record, in case of Ethelbert Talbot, Bishop, et al., as the Board of Missions for the Diocese of Bethlehem, Alice Tolman et al. v. Anna Anderson. Affirmed.

Ejectment for lot of land in Bethlehem. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs on the whole record. Defendant appealed.

*Error assigned* was judgment, quoting record.

*R. S. Barthold,* of *Booth & Barthold,* with him *Wm. W. Porter,* for appellant.—Reading the will as a whole, with a view to ascertain the meaning of the disputed clause, there is nothing to show that testatrix meant to give the word money any other meaning than what it plainly and naturally connotes: Bruckman's Est., 195 Pa. 363; Yerkes v. Yerkes, 200 Pa. 419; English's Est., 242 Pa. 545; Dickson v. Edwards, 263 Pa. 364; Shaner v. Wilson, 207 Pa. 550.

*R. S. Taylor,* of *Taylor & McCarthy,* for appellees.— The cases are substantially uniform that the word "estate" or "my estate" used in a will signifies all the property a person owns, both real and personal: Hofius v. Hofius, 92 Pa. 305; Messmore v. Williamson, 189 Pa. 73; Kemerer's Est., 251 Pa. 282; Strawbridge's Est., 18 Pa. C. C. R. 485; Miller v. Boyd, 8 Pa. D. & C. 52; Buechley's Est., 283 Pa. 107; Jacob's Est., 140 Pa. 268; Ostrom v. Datz, 274 Pa. 375; Bruckman's Est., 195 Pa. 363.

OPINION BY MR. JUSTICE FRAZER, March 12, 1928:

Mary W. Tolman died July 29, 1925, leaving a will which, after giving bequests in money amounting in all to nearly $40,000, and various bequests of specific articles of personal property, concluded with the provision that "If there is any money left after everything is paid from my estate I would like it to be given to" the persons and charity who are plaintiffs in this case.

At the time of her death the estate of testatrix was appraised at $78,962.88, consisting of $3,761.09 in cash, and the balance in stocks, bonds, mortgages, household goods and jewelry. The only real estate owned by her was the house in which she lived, valued at $9,000. It was not specifically mentioned in her will. On October 19, 1925, almost three months after her death, her heirs executed a deed for the real estate to defendant for the consideration of $9,000, and plaintiffs, the resid-

uary legatees, then instituted the present action of ejectment against the purchaser to secure possession of the premises, claiming that title thereto passed to them under the residuary clause in the will. The court below entered judgment for plaintiffs, and defendant appealed.

The disposition of the case depends upon the construction to be placed on the residuary clause above mentioned. Did testatrix use the word "money" in its strict sense as indicating cash remaining after paying the various legacies, or did she use it in a broad and popular sense so as to include the entire residue of her estate? In ascertaining her intention, it becomes necessary to view the will as a whole in the light afforded by the nature of the estate and circumstances existing at the time the instrument was executed.

The will consists of an original testamentary paper and two codicils, the former dated April 15, 1924, and the latter June 15, and July 2, 1925, respectively. In the specific bequests of money legacies testatrix repeatedly directs that payments are to be made "from the proceeds of my estate." In the first codicil she revoked a $2,000 legacy to a designated charity and directed "that this amount be made part of my general estate." This language clearly indicates no distinction was made between real and personal estate. It is true there is no direct authority to sell even the personal estate, but such authority is implied from the fact that a disposal of that class of property was necessary to carry out the terms of the will and make payment of the various money legacies. The final residuary clause refers to "my estate," thus again indicating that testatrix had in mind no distinction between realty and personalty. There was less than $4,000 in cash on hand at the time of her death and a sale of securities or other property was absolutely necessary to carry out the provisions of the will.

Aside from the single word "money" there is nothing in the will or codicils to indicate testatrix intended to

die intestate as to any part of her property. On the contrary, it clearly appears, from reading the will as a whole, that she meant to dispose of her entire "estate." In our opinion the intention thus expressed is not altered by the provision that "if there is any money left after everything is paid from my estate" it is to go to the parties named. Testatrix contemplated the necessity of converting part if not all of her estate into cash to make distribution to the legatees. It was only by such action that the various cash legacies could be paid. Appellant concedes, that the word "money" is not to be strictly construed as cash, but in an enlarged sense to include stocks, bonds and mortgages, which it became necessary to dispose of to secure the cash to carry out the terms of the will. We find nothing in the will to indicate the enlargement of the meaning of the word should be limited to personal estate and should not also include all property belonging to testatrix, both realty and personalty. By frequent reference to "my estate" throughout the will as well as the final reference thereto in the residuary clause, testatrix used the word "money" in its popular sense as including all property owned by her, without distinction between realty and personalty. This view is further supported by the fact that in referring to income from trust funds she spoke of such sums as "interest and profits" and "rentals and profits" although the fund in question consisted wholly of personalty.

A similar question arose in Jacob's Est., 140 Pa. 268, where the court held that a gift (page 274) of "the remainder and residue of my money" passed real estate, it appearing from the will as a whole that testatrix used the word "money" in its popular sense as indicating property. The same conclusion was reached in Ostrom v. Datz, 274 Pa. 375, 379. The question is one of intention, and from a reading of the will as a whole we are satisfied testatrix intended all of her property to pass by the residuary clause.

The judgment is affirmed.