Edwards Estate.

Submitted November 15, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Thomas A. Swope, Philip N. Shettig,* and *Shettig & Swope,* for appellant.

*Harold Kaminsky,* and *Marlin B. Stephens,* for appellee.

OPINION BY RHODES, P. J., March 12, 1951:

Mary F. Edwards died March 26, 1948, leaving a last will and testament dated March 16, 1948, and two codicils thereto dated March 24, 1948.

The question presented on this appeal is whether a bequest to a sister, in the eighth paragraph of testatrix's will, of "all cash" which remained after payment of debts and specific legacies operated as a residuary clause to pass the balance of the proceeds of real estate to the legatee named, or whether this balance was undisposed of by the will and hence distributable under the intestate law. The court below held the bequest of "cash" to the sister of testatrix passed the proceeds derived from the sale of real estate. The present appeal is by a half brother of testatrix, who would be entitled to a share of such proceeds under the intestate laws.

The eighth paragraph of the will reads as follows:

"Eighth: I give, devise and bequeath to Mrs. Eliza Kline all cas [cash] which remains after all my just debts and funeral expenses and the two aforementioned bequests of one thousand dollars and five hundred dollars have been paid."

The will of nineteen paragraphs contained several specific bequests of items of personal property and cash to named legatees.

At the time of her death testatrix owned three pieces of real estate: (1) Property at 800 North Avenue in the Borough of Westmont, Cambria County, specifically devised in paragraph four to Charles F. Edwards and John W. Edwards equally; (2) property at 817 North Avenue, Westmont, specifically devised in paragraph five to appellee, Mrs. Eliza Kline; and (3) property on Franklin Street, Johnstown, Cambria County.

Testatrix's will contained no residuary clause. The Franklin Street property is nowhere mentioned in the will, but in a codicil dated March 24, 1948, testatrix provided: "Charlie hasn't been in to influence me and I want him to have $500 more from the sale of property between John and Charlie and $500 from sale of property on Franklin St." Her personal property was insufficient to pay debts and the specific cash bequests. Accordingly the executors, after petition to the Orphans' Court of Cambria County, sold the Franklin Street property for $8,900. After payment of debts and legacies there remained a balance of $5,724.90 in the hands of the executors, which appellee claimed under the eighth paragraph of the will.

We think the will and codicil, considered as a whole, indicate a clear intent upon the part of testatrix that the Franklin Street property was to be sold and the balance in cash given to her sister, the appellee, under paragraph eight of the will. Admittedly, the presumption is against a conversion of realty into personalty, but that presumption is rebutted where there is (1) a positive direction to sell, or (2) an absolute necessity to sell in order to execute the will, or (3) such blending of real with personal estate by the testator as to clearly show that he intended to create a fund from a combination of both and to bequeath that fund as money. *Shareff's Estate,* 143 Pa. Superior Ct. 465, 468, 17 A. 2d 623; *Lagges Estate,* 361 Pa. 205, 208, 64 A. 2d 832; *Lamberton's Estate,* 40 Pa. Superior Ct. 548. The question of conversion is to be determined from the intention of the testator as disclosed by the will itself. *Reel's Estate,* 272 Pa. 135, 116 A. 107. A conversion is worked where a sale of the real estate is necessary to pay debts and legacies. Hunter, Pa. Orphans' Court Commonplace Book, Conversion, Vol. 1, §5, p. 268. Testatrix is presumed to have been aware of the nature

of her estate and the fact that the personal property was insufficient to pay the legacies. *Suppes's Estate,* 322 Pa. 385, 185 A. 616; *Talbot v. Anderson,* 292 Pa. 454, 141 A. 256.

The only mention of the Franklin Street property is in the codicil where testatrix bequeaths to Charles F. Edwards "$500 from sale of property on Franklin St." This implied a sale of the Franklin Street property. In addition, there is the fact that the personal property of testatrix was entirely insufficient to pay debts and legacies. The implication is clear, from a reading of the will and codicil together and a consideration of all the circumstances, that testatrix intended that the Franklin Street property should be sold, the proceeds should be used to pay debts and legacies, and the balance should go to her sister as "cash" under the eighth paragraph of the will.

The decree of the court below is affirmed; costs to be paid by appellant.