## Mitchell *v.* Christianna Clippinger's Heirs, Appellants.

Argued November 21, 1957.  Before Jones, C. J., Bell, Chidsey, Musmanno, Jones and Cohen, JJ.

*John McCrea,* with him *McCrea & McCrea,* for appellants.

*George F. Douglas, Jr.,* with him *Faller and Douglas,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 17, 1958:

This is an appeal by the defendants, heirs of Christianna Clippinger, from a judgment of the court below ruling that the holographic will of Christianna Clippinger devised her one-half interest in certain real estate to her nephew, Edward Clippinger.

The plaintiff, a purchaser of the real estate in question from the executor of the estate of Edward Clippinger, brought an action to quiet title against the heirs of Christianna Clippinger, alleging title to the premises by adverse possession. At trial, by stipulation, plaintiff withdrew the claim to title by adverse possession and agreed that the case be determined by an interpretation of Christianna's will as to whether or not the property had been devised to plaintiff's predecessor in title, her nephew Edward.

In 1924, one Annie Reeder conveyed to Edward Clippinger and his aunt Christianna Clippinger the property in question for a consideration of $4,000. Edward and Christianna resided together on the premises until the death of Christianna on the 25th day of May, 1927. The property was assessed for real estate tax

purposes in the name of Edward Clippinger from 1926 to 1950, when it was sold to plaintiff. At her death Christianna left a will in which she stated in part: ". . . I also give my newphe, Ed Clippinger, the $2000.00 two thousand dollars I have in the home on 105 East Orange Street Shippensburg I also give my newphe Ed Clippinger $1000.00 one thousand dollars for his kindness to me in careing for me in my old age . . ." The will was probated and letters testamentary were issued to Edward. The petition for letters testamentary in the estate stated that decedent died seised of real estate to the value of approximately $2,-000. The inheritance tax appraisement in the estate lists the "Total amount of real estate" at $2,000. The first and final account of Edward was filed and confirmed by the orphans' court May 1, 1928. This account discharges the personal property as appraised and does not mention the $2,000 worth of real estate. After the account was filed a release was executed by some of the heirs of Christianna releasing Edward as to a small residuary sum of $551.32. Neither the account nor the release discloses payment of either of the sums of $1,000 or $2,000 to Edward, nor payment of any of the other specific bequests made by the will.[1] In 1949, Edward died leaving a will in which

---

[1] The heirs maintain that since twenty years have elapsed since the time the sums of $1,000 and $2,000 allegedly bequeathed to Edward Clippinger became due, there is a presumption that he as executor, has paid his own legacies. Assuming that this argument, which was not discussed by the court below, is properly raised on this appeal, we find numerous difficulties in accepting this contention. The first defect in the heirs' position is the assumption that the phrase used by the testatrix was not sufficient to devise the real estate, but was a specific bequest of $2,000 which is the very issue to be decided in this case. We are not at the present time interested in determining whether or not Edward Clippinger

he directed the sale of his real estate which consisted of the property involved in this appeal. Plaintiff was the purchaser of that property and subsequently sold the premises to a third party, at whose insistence the present action was initiated.

The basic issue in the case is, therefore, whether or not the words in Christianna's will "I . . . give . . . the $2000.00 two thousand dollars I have in the home . . ." were sufficient under the circumstances to pass whatever interest Christianna had in the property to Edward.

In construing a will, this Court will view the testator's words so that when all the circumstances are considered, the result reached will be a manifestation of his probable intention. In determining his intention, the Court will place itself as nearly as possible in his

---

properly discharged his duties as executor, although it seems apparent that he did so in spite of the inadequacy of the account, but whether the phrase used in the will was sufficient to pass title to the real estate. An additional difficulty is apparent from an examination of the terms of the will and the final account. The will provides for the following specific bequests: (1) Presbyterian Church of Shippensburg—$100; (2) Edward Clippinger—$1,000; (3) Lulu Clippinger—$300; (4) Nell Clippinger—$1,000; Margaretta Elder—$200, or $2,600, excluding the $2,000 interest in the real estate. The final account lists testatrix's total personal property as valued at $4,105.76 less expenses of administration of $1,-391.35 or a balance of $2,714.41. Subtracting the inheritance tax of $509.80 which was prorated among the legatees, the net estate for distribution, excluding the $2,000 interest in real estate, would amount to $2,204.61. Applying the same presumption of payment to the other legatees, as the heirs would have us apply to Edward Clippinger, it is obvious that for him to have kept the real estate and treated the phrase in question as a bequest of $2,000, the total payments would have amounted to approximately $2,000 more than the estate was worth, i.e. (Total Bequests: $2,600; Interest in Real Estate, Treated as a Bequest: $2,000; Amount to Be Distributed: $4,600; Amount Available for Distribution: $2,204.61).

position, taking into consideration the facts and circumstances surrounding him at the time the will was executed; the state of the property devised; the amount and character of his property when he made his will and his relation to the beneficiaries. *Clark Estate,* 359 Pa. 411, 59 A. 2d 109.

This Court has recognized the fact that the word "money" when used in a will may be construed in the broad sense of wealth or property, including real estate, where the context of the will and the circumstances surrounding its execution require that it be so interpreted to give effect to the testator's intention. *Talbot v. Anderson,* 292 Pa. 454, 141 A. 256; *Ostrom v. Datz,* 274 Pa. 375, 118 A. 313; *Jacobs' Estate,* 140 Pa. 268, 21 A. 318. The above principle was recently reaffirmed in *Conlin Estate,* 388 Pa. 483, 131 A. 2d 117, although the specific holding was that the will and surrounding circumstances did not there disclose the requisite intention. In *Reagan Estate,* 77 D. & C. 529, the words "Thirty-five Thousand ($35,000.00) Dollars of my interest in the Exchange Hotel" were held to have constituted a devise of an interest in real estate. From a consideration of the above cases it is obvious that (1) people do refer to their interest in real estate in terms of money or dollars; and (2) such usage is sufficient to pass title to real estate when an intention to do so can be ascertained from the will itself, and the circumstances surrounding its execution.

The testatrix and her nephew Edward purchased the house together and lived there together until her death. In other clauses of her will, she made a specific bequest of $1,000 to him; bequests of items of her furniture and clothing, and appointed him executor of her will. Under all these circumstances, it is perfectly natural to assume that she intended him to have whatever interest she had in the home. To assume other-

wise would require a portion of her estate to pass by intestacy, which is out of keeping with the meticulous disposal of all of her other property. In addition, it is more likely that testatrix would have simply increased the above mentioned bequest of $1,000, which appears in the same clause of the will as the reference to the $2,000 interest in real estate if she intended to make an additional pecuniary bequest of $2,000 as defendants claim.

Defendants argue that the testatrix did not intend to pass her interest to Edward, but that the phrase was intended to be "a charge on the land of the payment of the Two Thousand ($2,000.00) Dollars." The will is holographic; from the numerous misspellings contained in the will it is apparent that the testatrix was not an educated woman. It is quite probable that she may not have been aware of what her interest was, but it seems clear to us that she intended to pass that interest, whatever it may have been, to her nephew, and not to place a charge on the land, if in fact, she even knew what the legal effect of placing a charge on the land would be. Nor can any unfavorable inference be drawn from the fact that the testatrix only used the particular phraseology once in the will. The estate was small; she had only this one interest in real estate. There was no need to again refer to that interest. From a consideration of the will itself, and the circumstances surrounding its execution we are satisfied that the testatrix intended the real estate to pass to her nephew.

Judgment affirmed.