## Loudon et al. v. Juniata Borough.

*W. C. Fletcher*, for plaintiffs; *J. J. Haberstroh*, for defendant.

PATTERSON, P. J., Feb. 22, 1929.—This proceeding is brought to determine from what date the defendant is liable for the payment of interest on the judgment in this suit. The original issue was tried before a jury on Jan. 28, 1926, and the proceedings subsequent thereto have been litigated before three judges of this court. When the case was finally before us for an opinion and decree, it was submitted upon briefs, without oral argument, and, after disposing of the several legal questions involved, the following decree was entered:

"Now, Aug. 11, 1928, rule for interpleader discharged, and rule for mandamus execution for the collection of the verdict of $10,500, with interest thereon from Jan. 28, 1926, to date of payment, at the rate of 6 per cent. per annum, with costs, is made absolute."

Following said decree, the plaintiffs proceeded with a mandamus execution to No. 103, October Term, 1928, whereupon the defendant borough filed its affidavit of defense, averring that it had already paid into the hands of W. I. Woodcock, Esq., attorney of record for the plaintiffs, on May 16, 1927, the sum of $9650, and to the clerk of the court, on the same day, the sum of $850, being full amount of said judgment, and that no interest is now due said plaintiffs after said date on any part of said judgment. The plaintiffs filed a statement in reply to said affidavit of defense and denied any authority on the part of the said W. I. Woodcock, Esq., to receive the payment made to him, or any authority from the plaintiffs or the court to pay into court the sum of $850, and demand the payment of the full amount of the judgment, with interest from the date of the judgment to the present time.

We agree with the contention of the plaintiffs that the $850 paid into court was not binding upon the plaintiffs. There is no suggestion of any agreement, expressed or implied, which would prejudice the plaintiffs in the collection of said amount, with interest to date of payment to plaintiffs. The payment of $9650 into the hands of their attorney on account of said judgment debt presents a different question. An attorney of record may receive payment of a judgment due his client, or any part thereof, so long as he does not accept in satisfaction of said judgment an amount less than the principal

sum, with interest. W. I. Woodcock, Esq., was attorney of record for plaintiffs in the original case and in all proceedings subsequent thereto to May 16, 1927, and for sometime thereafter, and entered the following receipt upon the record of the case in the Court of Common Pleas of Blair County:

"Now, May 16, 1927, received from John J. Haberstroh, Esq., attorney for the Borough of Juniata, defendant, a check for $9650.00 on account of this judgment." (Signed) "W. I. Woodcock, attorney for plaintiffs."

There is no question but that counsel for the defendant and for the plaintiffs acted in good faith in this transaction. The testimony taken in the present proceeding shows that immediately upon receiving notice from their attorney, W. I. Woodcock, Esq., the plaintiffs refused to accept said payment on account of their judgment, and discharged the said W. I. Woodcock, Esq., as their counsel. Thereupon the said W. I. Woodcock, Esq., without delay, undertook to return said sum to defendant through their counsel, who refused to accept the same. The plaintiffs now seek to recover this amount, with interest from the date of the original judgment, contending that said counsel had no authority, in law or otherwise, to accept said payment. With this contention we cannot agree. We are of the opinion that the payment of said sum to counsel of record was binding upon the plaintiffs and it was their duty to accept the same from their counsel. They were not prejudiced by the acceptance of this payment on account of their judgment. It was a payment by the debtor, in good faith, to the attorney of record, and was receipted for "on account of this judgment."

In Kissick v. Hunter, 184 Pa. 174, the Supreme Court says: "Thus it has been often held that the plaintiff's attorney may collect the judgment, and a payment to him without execution, even long after judgment, is a good payment to discharge the debtor. . . . Office of a general retainer is to authorize the attorney to take care of the interests of his client in the litigation pending or imminent, and in so doing to take all the steps necessary or only usual and proper to that end. In a suit for a debt, therefore, the plaintiff's attorney may not only recover a judgment, but may go on and collect it by execution or otherwise, but he may not accept satisfaction in anything but money. . . . But the interest of the defendant no more ends with the judgment than those of the plaintiff, if, in fact, they are not even more vitally involved. There is, therefore, no more reason why the attorney's authority should be arbitrarily held to terminate at this point in one case than in the other. As already said, the plaintiff's attorney may issue execution and control it, give time to the defendant, direct the sheriff to postpone the sale, etc. . . . And why should not the defendant's attorney, at least in a case where execution immediately follows judgment in the suit, who was retained to defend, be presumed to be authorized to continue his care over his client's interests? We know that it is every day's practice for lawyers to do so, and presumptions are founded on average experiences of what like parties would do under like circumstances."

The original litigation and all matters and proceedings in relation thereto were in the control of plaintiffs' counsel from the time of his employment to the date of his discharge, and so long as he did nothing to prejudice the rights of his clients, the clients had no right to interfere to the injury of the adverse party.

The rights and powers of an attorney and his client are clearly defined in 6 Corpus Juris, § 147, page 843, in the following language: "An attorney may not impair, compromise, settle, surrender or destroy them (rights and powers) without his client's consent, but all the proceedings in court to

enforce the remedy to bring the claim, demand, cause of action or subject-matter of the suit to hearing, trial, determination, judgment and execution are within the exclusive control of the attorney. . . . Nor will interference by a client be allowed to injure the adverse party."

In the present case, nothing that the plaintiffs' counsel did prejudiced, compromised, impaired, settled, surrendered or destroyed the rights of the plaintiffs.

"After an attorney has had an execution issued on a judgment, he may, by force of his original retainer, receive payment on it, and such payments will bind his client:" 6 Corpus Juris, § 166, page 655.

In Lynch v. Com., 16 S. & R. 368, it is held: "It is also within the scope of an attorney's general employment to direct the sheriff as to the time and manner of enforcing an execution."

And in 6 Corpus Juris, § 177, page 663, we find as follows: "An attorney has power to accept partial payments on a debt and to give receipts for the amounts so received."

"Any revocation of an attorney's authority after judgment has been rendered, but before payment or an assignment of the judgment, will not affect the debtor paying to the attorney in good faith, relying on his authority to receive the payment, unless it appears that the debtor had notice of the revocation or was chargeable with such notice:" 6 Corpus Juris, § 179, page 666.

In conclusion, it was right and proper for the defendant to pay all or any part of said judgment rendered against it, and it was clearly the right and authority of the counsel for the plaintiffs to receive all or any part of said judgment with or without execution and as soon as the same could be secured. The service rendered by plaintiffs' counsel in procuring almost the entire amount of the judgment without in any wise prejudicing the plaintiffs' right to recover the balance in full, with interest, was, in our opinion, the very best service that said counsel could render his client, and the client, instead of refusing the payment and repudiating the action of counsel, should have accepted the payment on account.

We have suggested that, in view of the confusion and misunderstanding between the parties and the long delay already occasioned, that the question of interest be agreed to, and counsel for defendant borough has expressed the willingness on the part of the defendant to pay the interest on $9650 from Jan. 28, 1926, to May 16, 1927, and one-half of the interest on said sum down to Feb. 22, 1929, and the full amount of interest on the sum of $850 from Jan. 28, 1926, to Feb. 22, 1929. The plaintiffs are allowed ten days from the date hereof to accept said interest settlement as here stated, and upon their failure to accept the same by stipulation in writing filed in court to this suit, the following decree to become forthwith in effect:

## Decree.

Now, therefore, Feb. 22, 1929, upon due consideration, the decree dated Aug. 11, 1928, is modified and amended so as to read as follows: Rule for interpleader discharged, and rule for mandamus execution for the collection of the verdict of $10,500, with interest on $9650 of said amount from Jan. 28, 1926, to May 16, 1927, the date of the payment of the same to plaintiffs' counsel of record; interest on $850 of said verdict, to be computed from Jan. 28, 1926, to date of payment to plaintiffs, interest rate of 6 per cent. per annum, with costs, is hereby made absolute.

From Robert W. Smith, Hollidaysburg, Pa.