ELIZABETH W. GANDY, complainant,

*v.*

M. RAMONA L. STANTON and JULIA SCULL, executrices of the estate of Lucia N. R. McQuaide, deceased, et al., defendants.

[Decided October 30th, 1931.]

*Mr. W. Holt Apgar,* for the complainant.

*Messrs. Bolte, Tripician & Kirkman,* for the defendants Sophia de Bonis, Helen S. Relf, M. Ramona L. Stanton and Aldrich C. Crowe.

*Mr. Andrew C. Boswell,* for M. Ramona L. Stanton and Julia Scull, executrices.

INGERSOLL, V. C.

This bill is filed for the construction of the will of Lucia N. R. McQuaide, deceased, and was heard upon the following stipulations:

1. That Lucia N. R. McQuaide, formerly of Ocean City, county of Cape May, died on October 17th, 1927, leaving the following last will and testament, and that the same was probated in the county of Cape May on November 2d, 1927:

"I, Lucia N. R. McQuaide, of the City of Ocean City, County of Cape May and State of New Jersey, do make, publish and declare this as and for my last will and testament:

"I direct, that my executrices, hereinafter named pay all my just debts and funeral expenses as soon as the same can conviently be done after my decease.

"I give, devise and bequeath to my daughter, Sophia De Bonis of Paris, France, temporarily residing in Italy, Grandmother's gold pin; gold bar pin; cluster diamond ring; crest ring; gold chain and cross and Mother's breast pin, and any other trinkets she may desire; to my sister Helen S. Relf of Denver, Colorado, Forget-me-not chain and blue beads; to M. Ramona L. Stanton, Atlantic City, New Jersey, my wedding ring; down quilt; blankets and any other trinkets she may desire; to Helen T. Theobald, Philadelphia, Pennsylvania, pearl choker and emerald clasp and new handkerchiefs; to Dorothy Theobald, Philadelphia, Pennsylvania, silver sugar spoon, butter knife and three forks marked "B" "S" "L"; to Freddy Theobald, Philadelphia, Pennsylvania, silver pen holder; Italian Red Cross Button; Prayer Book; Gold Bird Scarf Pin; to Emma Schearer, Ocean City, New Jersey, pin that Sophia gave me; pearl pen holder; picture on wall and Testament; to Walter Dale, Ocean City, New Jersey, electric stove and electric grill; to Maude L. Smith, Bellcoville, New Jersey, table linens; china, bedding and any dresses she may desire; to my sister-in-law, Dr. F. Quindaro McQuaide, Philadelphia, Pennsylvania, three Bagdad curtains, paisley bag and also that she may keep the sewing machine, belonging to me, but now in her possession, or she may return mine and have her own, which is now in my possession; to Julia Scull, Ocean City, New Jersey, Tea spoon; spoon for tea; electric toaster; New Thought Books, if she wishes them; Bible; the sewing machine not desired by Dr. F. Quindaro McQuaide; Brown handerchief basket; to my cousin, Mary Glen Draper, Canton, Massachusette, silver brush; Lorgnette; Sophia's pictures; round gold pin with green stones; Jewelled comb; slipper buckles; blue turquoise scarf pin; to Lena Seal, Ocean City, New Jersey, knitting books; needles, yarn and crochet materials; to Catharine Aitkens, Philadelphia, Pennsylvania, olive wood sewing box; Emerson heater and gold beads; to Grace Schey, Atlantic City, New Jersey, jet comb; jet beads; jet ear-rings; to Dr. Aldrich C. Crowe, Ocean City, New Jersey, all my pitchers and little yellow flower bowl; to Phebe Emma Doughty, Ocean City, New Jersey, the book "Eleanor Duse;" to Florie Pearson, Philadelphia, Pennsylvania, jade beads and jade ear-rings; to Emilie Boxler, Ocean City, New Jersey, my mirror and lamp; to Mary Ledyard, Philadelphia, Pennsylvania, long pearl necklace and pearl

ear-rings; to Irene Fling, Roxborough, Pennsylvania, steel bag; round painted knitting basket and gold belt pin; to Elizabeth Yocum, Roxborough, Pennsylvania, cameo pin and large brown basket with cover; to Lena Williams, Ocean City, New Jersey, round gold pin and my aprons; that the aforesaid persons to have the gifts bequeathed to them and to their own proper use forever.

"All the rest, residue and remainder of my estate, except money, I give to Elizabeth W. Gandy, Ocean City, New Jersey, to be distributed as she may see fit among the poor.

"It is further my will that all legal papers found among my effects be sent to my daughter, Sophia De Bonis, Paris, France.

"It is further my will that my body be cremated and my funeral be private with Episcopal Burial Services.

"It is further my will, that if there is money, after all my said bills are paid, that it be equally divided among the following, my said daughter, Sophia de Bonis; my said sister, Helen S. Relf; the said Ramona L. Stanton and the said Dr. Aldrich C. Crowe, share and share alike, to their own proper use and benefit forever.

"I hereby nominate and appoint M. Ramona L. Stanton and Julia Scull, executrices of this my last will and testament, hereby revoking any and all other wills by me at any time made.

"In witness whereof, I have hereunto set my hand and seal this Twenty-third day of April, one thousand nine hundred and twenty-seven.

LUCIA N. R. McQUADE [SEAL]

"Signed, sealed, published and declared by the said testatrix, as and for her last will and testament, in the presence of us and each of us, who in her presence and in the presence of each other and by her request we subscribed our names as witnesses hereto at the end of her will.

SARAH M. ABBOTT<br/>ANNA M. MEEHAN."

3. That the said executrices caused an inventory and appraisement to be made and to be filed with the surrogate of the county of Cape May, a copy of which is hereunto attached and made a part hereof.

4. That the complainant, Elizabeth W. Gandy, is mentioned in the said will as follows and not otherwise:

"All the rest, residue and remainder of my estate, except money, I give to Elizabeth W. Gandy, of Ocean City, New Jersey, as she may see fit to be distributed among the poor."

5. That the estate of the said decedent, Lucia N. R. McQuaide, consisted, *inter alia* in New Jersey, of various bequests of personal property, a great many of which are referred

to in the third paragraph of the said will, but that in addition to the said articles set forth in the said third paragraph of said will there were other pieces of personal property, to wit, overnight bag, suit case, sewing basket, trunk, three chairs, bed, two covered boxes, sofa cushions, dress material (new), rugs, clothing, dresses, underwear and shoes, coats, supplies, food, fur coat, kitchen utensils, screen, all of which she did not specifically dispose of in said last will and testament.

6. That at the time of the death of Lucia N. R. McQuaide she had on deposit in the Germantown Trust Company, Philadelphia, Pennsylvania, the sum of $553.27; that there was cash on hand of $289.98; that she owned one and one-half shares of stock of the Equitable Building and Loan Association, Atlantic City, New Jersey, of the value of $305.44; that she also owned two and one-half shares of the stock of the Security Building and Loan Association of Atlantic City, New Jersey, of the value of $510 and a promissory note of Bertha Johnson for $200.

7. That the chattels (exclusive of money or deposits in banks or stock) mentioned in the said inventory which had not been specifically disposed of by said last will and testament were delivered by said executrices to Elizabeth W. Gandy and by her accepted.

It is stipulated that Lucia N. R. McQuaide died leaving Sophia de Bonis surviving her as her only child and heir-at-law, she being a widow at the time of her death and having had no other children but the said Sophia de Bonis.

It is stipulated by and between the parties hereto that in the event the fourth clause of the said will is declared void and of no legal effect for the reason that it is vague, unascertainable and indefinite as to the class, or classes, of persons for which the charitable legacy or bequest was created or made, or for any other reason, that then all of the rest, residue and remainder of the estate, with the exception of the chattels and trinkets specifically bequeathed in paragraph three and the chattels and trinkets not specificfially bequeathed but similar to those bequeathed in paragraph three shall be considered as money and shall be decreed as having been

bequeathed and devised to M. Ramona L. Stanton, Sophia de Bonis, Helen S. Relf and Aldrich C. Crowe. However, in the event the fourth clause of said will, to wit—

"All the rest, residue and remainder of my estate, except money, I give to Elizabeth W. Gandy, Ocean City, New Jersey, to be distributed as she may see fit among the poor."

is held to be legal, valid and effective, and in the event that the said real estate located in Pennsylvania, in which the testatrix had an undivided interest, is held and determined by the court not to be money, as that word is used by the testatrix in the following paragraph of the said testatrix's will:

"It is further my will, that if there is money, after all my said bills are paid, that it be equally divided among the following, my said daughter, Sophia de Bonis; my said sister, Helen S. Relf; the said Ramona L. Stanton and the said Dr. Aldrich C. Crowe, share and share alike to their own proper use and benefit forever."

and for that reason is not to be equally divided among the persons mentioned in said paragraph, then the $15,000 into which the real estate has been converted by sale by all those interested since the death of the said testatrix, shall be distributed to the complainant.

Attached to these stipulations is an inventory and appraisement, showing cash in bank and on hand, value of building and loan stock, a certain promissory note and many items of jewelry, kitchen utensils, &c., amounting to $2,028.35.

*In re Rogers' Estate, 91 N. J. Eq. 294,* Vice-Chancellor Leaming said: "Where the context of a will discloses the intent of testator to attribute to the word 'money' a specific meaning which is more comprehensive, that meaning will be adopted, and may comprehend any class of property so defined by the context."

I am satisfied that the term "money" in this will meant all of the property, with the exception of those articles of personal property similar or of the nature of those specifically mentioned in a previous clause of the will, as *In re Thayers,*

*139 N. Y. 141,* and in *Ostrom* v. *Datz, 274 Pa. 375; 118 Atl. Rep. 313,* where it was held that the use of the term "money" was intended to dispose of all the testator's property remaining after the specific devise and bequests. This view follows also *Baldwin* v. *Baldwin, 107 N. J. Eq. 91.*

A decree will be advised in accordance with this memoranda.