# Rush *versus* Lewis.

A testator devised certain real estate to his executors, in trust to pay the rents and profits to his daughter for her separate use during her life, and after her death for the use of such persons as she might appoint by will, and in default of such appointment to and for the use of her children in fee. The daughter executed the power of appointment by devising the estate in certain designated proportions to her husband and her only son respectively in fee, with an executory devise over of the son's share in case he should die under the age of twenty-one:

It was *Held* that the legal estate vested in the appointees of the wife, and therefore a demurrer to a bill in equity, at the suit of the husband, praying for a conveyance, *by the trustees*, of the legal estate of his share of the estate of his wife, was sustained.

This was a bill in equity filed in the Supreme Court, on the part of Richard Henry Rush *v.* Lawrence Lewis and James Henry

Blight, surviving trustees under the will of George Blight, deceased, and Murray Rush, an infant.    The bill was by the plaintiff as appointee of his late wife, Sarah Ann Rush, who was a daughter of *George. Blight;* and was against the defendants as surviving trustees under the will of the said Blight, and prayed for a conveyance of the legal title in certain real estate devised by said Blight in trust for his said daughter's sole and separate use during life, with power to her to appoint by will.

The trustees demurred to the bill on the ground that the legal estate was not in them.

Mrs. Sarah Ann Rush died on the 8th August, 1852, leaving her said husband, the complainant, and an only child, Murray Rush, an infant, of whose estate the Pennsylvania Company for Insurance on Lives, were, on 21st January, 1853, appointed guardian.

On the 27th January, 1852, Mrs. S. A. Rush duly executed her will in writing, in which certain specific legacies are given; and as to the rest of her estate, real or personal, wheresoever, whether held in trust for her and subject to her will, or appointment by virtue of the will of her father, or of any other power or authority, or belonging absolutely to her, she provided *inter alia* as follows :

" If I shall die leaving my husband, and a child or children, or the issue of a deceased child surviving me, I will, devise, bequeath, and appoint, that the said residue and remainder of my estate, real or personal, shall be equally divided between my said husband, and all my children living at the time of my death, and the issue of such of my said children as may then be dead, share and share alike; the issue of any deceased child taking only their parent's share, to have and to hold the same to them, their respective heirs, executors and administrators, share and share alike ; and if any of my said children, or the issue of any deceased child, should die under age during the life of my husband, then I will, devise, bequeath, and appoint, that both the original and accruing share or shares of such child, or of the issue of any deceased child, shall be equally divided between my said husband and my surviving child or children, and the issue of any deceased child, to have and to hold the same to them, their respective heirs, executors, and administrators, share and share alike.    But if my said husband should not then be living, I will, devise, bequeath, and appoint, that the same shall be equally divided between my then surviving children, and the issue of any deceased child ; such issue in all cases hereinbefore provided for, taking only the share which their parents would have taken, had they been then living."

*George Blight,* the father of Mrs. S. A. Rush, by his will,

executed on 31st August, 1834, after other provisions, directed that all the rest and remainder of his estate, real, personal, and mixed, should be divided into as many parts as he had children; and for that purpose authorized his executors, at a time referred to, to choose five persons to make a division and allotment amongst the children; and as to the parts and shares of his estate which might be allotted to his daughters, he directed as follows: " I give, devise, and bequeath to my said executors hereinafter named, and the survivors 'and survivor of them, and the heirs and assigns of such survivor for ever, in trust, as regards each and every such allotment, to let, lease, and demise the same, and receive and apply the rents, issues, and profits thereof, for the sole and separate use and behoof of each of my said daughters respectively, for and during her natural life, and so that the same estates, or the rents, issues, and profits thereof shall not be in any way or manner whatever, subject to, or liable for, any of the contracts, debts, or engagements of any husband, which either of my said daughters may hereafter have or take, and not to be in any way or manner whatever under his control, management, or interference, and from, and immediately after the death of either of my said daughters, then in trust for such person and persons, and for such uses, intents, and purposes, as she, by her last will and testament in writing, or by any writing under her hand and seal, in the nature of, and purporting to be her last will and testament, shall, notwithstanding any coverture, direct, limit, and appoint, which said last will and testament, my said daughters are hereby expressly authorized and empowered to make and execute; and for want, or in default of such last will and testament or writing in the nature thereof, then in trust as regards the whole of the said portion so as aforesaid allotted, in trust for the benefit of my said daughter, to and for the use and behoof of all and every the child and children, which she my said daughter may leave, and the lawful issue of any of them, who may then be deceased having left such issue, their several and respective heirs, executors, administrators, and assigns, in equal shares, as tenants in common in fee, such issue of any deceased child or children of my said daughters taking, however, and only receiving such part or share thereof, as his, her, or their deceased parent or parents would have had and taken, had he, she, or they been then living; and in the event of the death of either of my said children under age, and without leaving any lawful issue, then I give, devise, and bequeath, the part or share of my said residuary estate of him or her so dying, to be equally divided between his or her surviving brothers and sisters, in fee, the parts or shares thereof which shall belong to his or her sisters by virtue of this proviso, shall be held by my said executors, in trust for the same uses, intents, and purposes,

[Rush v. Lewis.]

and subject to the same provisos, powers, and limitations as are hereinabove set forth and declared of and concerning the several portions of my said residuary estate, so as aforesaid allotted, and to be conveyed in trust for the use and benefit of my said daughters respectively.

*McCall*, for the complainant.

It was submitted that the *legal estate* was outstanding in the trustees. It was said that in the case of Doe *v.* Simpson, 5 *East* 162, referred to in support of the demurrer, there were no words giving to the trustees *a fee*. So in Doe *v.* Nichols, 1 *B. & C.* 336, another case referred to for the position that a trust estate is not to continue beyond the period required for the purposes of the trust, there were no words of limitation. The opinion of Baron PARKE, 4 *Welsby, H. & G.* 568, was referred to.

But in the present case, by the will of George Blight, *a fee simple* is given to the trustees in express and apt words, and there is nothing to show an intention in him to take away the legal estate from them after the death of his daughters. He devises to them in trust after the decease of his daughters, for such uses, &c., as the latter may appoint by will.

Mrs. Rush devised *one moiety* of her estate to her son, *an infant*, with an executory devise over. It was suggested that the law would not cast *on the infant* the legal estate, unless such a construction were inevitable; and it was suggested that the legal estate cannot be in the *complainant* unless it were in the *infant* ; that there can be no splitting of the estate : 1 *Bingham, N. C.* 573.

It was said that the general rule laid down in Doe *v.* Nichols, that the legal estate will vest in the person *beneficially* entitled as soon as the trusts are satisfied, has been qualified by later decisions. Reference was made to the opinion of PARKE, Baron, before cited; also to the case of Doe *v.* Edlin, 4 *Ad. & Ellis* 582 ; Doe *v.* Ewart, 7 *Id.* 636 ; Doe *v.* Field, 2 *B. & Ad.* 564 ; Watson *v.* Pearson, 2 *Exch. Rep.* 581; Doe *v.* Davis, 1 *Ad. & Ellis* 430. As to the case of Jones *v.* Say, 8 *Viner* 262, also relied on in support of the demurrer, Mr. Butler in his note to *Fearne on Remainders,* 55, says that in practice no reliance is to be placed on it as an authority for confining the estate in the trustees, under such a devise, to the life of the tenant for life. Mr. Blight did not devise directly to the appointees of his daughter, but to the trustees in trust for her appointees.

*Cadwalader* and *Newcomb,* contrà, in support of the demurrer.

The opinion of the Court was delivered, May 12, 1853, by BLACK, C. J.—George Blight devised certain real estate to his

[Rush *v.* Lewis.]

executors in trust to pay the rents and profits to his daughter, Mrs. Rush, for her separate use during her life, and after her death in trust for the use of such persons as she might appoint by will, and in default of such appointment for the use of her children in fee. Before Mrs. Rush's death, she executed the power of appointment by devising the estate to her husband and only son, with an executory devise over of the son's share in case he should die under the age of twenty-one. This bill is brought to compel the trustees to make a conveyance of the legal estate to the parties equitably entitled. The defendants have demurred.

We are all of opinion very clearly that the demurrer must be sustained. After the death of Mrs. Rush, the purposes of the trust were satisfied, and the legal estate vested in the *cestui que use* by the mere force of the statute. If it had not been made the duty of the trustee to receive and pay over the profits to the first taker of the beneficial interest, they never would have had an estate in it. This reason ceased at her death, and so did the estate. It makes no difference that the estate was devised to the trustees with words which import a fee. The Statute of Uses would be nullified by a rule of construction like that contended for by the plaintiff. The doctrine of the defendant accords with the weight of the authorities, English and American.

There being no necessity for any conveyance, because the legal title is already vested in the plaintiff, this bill is to be dismissed at the costs of the plaintiff.

Decree accordingly.