## Fullerton et ux. v. Shuster et ux.

*Milton Selkovits*, for plaintiffs.
*Theodore A. Tenor*, for defendants.

McCreary, J., September 19, 1944.—The above-entitled matter is before the court on a case stated for the purpose of determining the marketability of a title to real estate. The facts, briefly, are these: '

Plaintiffs entered into an oral agreement for the exchange of real estate with defendants on March 17, 1944, which was followed by a written agreement dated May 24, 1944, wherein plaintiffs agreed to convey to defendants certain premises known as part of lot no. 20 in the College Hill Plan of Lots in the seventh ward of the City of Beaver Falls, described as follows:

"All that certain piece, parcel or lot of land lying in the Seventh Ward of the City of Beaver Falls, being part of lot 20 in the College Hill Plan of Lots as laid out by the trustees of the Harmony Society, bounded on the north by lot 19 in the same plan; on the east by part of lot 20; on the south by lot 21 in the same plan; and on the west by Fourth Avenue. Said premises having a frontage of 49½ feet on Fourth Avenue and

extending back of equal width 110 feet to the eastern part of the said lot 20", in consideration of the sum of $700 to be paid by the defendants, and further, in exchange for a piece of property to be conveyed by the defendants to the plaintiffs, said property being situate in the Township of North Sewickley, Beaver County, Pa., fully described in the agreement.

In fulfillment of said agreement for exchange of real estate the defendants conveyed to plaintiffs the said piece of land in the Township of North Sewickley by their deed dated March 17, 1944, and recorded in the Recorder's Office of Beaver County in Deed Book vol. 518, p. 438. Defendants refused to accept from plaintiffs a deed for the Beaver Falls property mentioned in the agreement, on the ground that the title to the property proposed to be conveyed by plaintiffs to defendants was not good and marketable.

The parties have stipulated that "if the court be of the opinion that the title to the said real estate is good and marketable in Scott W. Fullerton and Emma R. Fullerton, his wife, then the court shall enter judgment for plaintiffs and decree the payment of the balance of the purchase price upon the execution and delivery of a deed for the premises conveying the property from the plaintiffs to defendants; otherwise, judgment for defendants shall be entered".

The sole question raised by the case stated grows out of the transfer of the property in question from the heirs of Anna Feucht Woods to David McCann Woods. It appears from the chain of title that Mary Lang and Peter Lang, her husband, executed a mortgage to secure a real debt of $3,000 on March 17, 1927, which mortgage was duly recorded in the Recorder's Office of Beaver County in Mortgage Book vol. 271, p. 151, the mortgagee being one Emelia T. Feucht. After the death of Mary Lang, the record owner of the property at the time the said mortgage was executed and delivered, her husband, Peter Lang, became seized of the property by

purchase, the property still being encumbered by the mortgage at the time of the purchase. When Peter Lang made default in the payments called for by the terms of the mortgage, foreclosure proceedings were duly instituted against the property in question, the mortgage then being in the possession of the executrices of the estate of Emelia T. Feucht, who had died in the meantime, testate, a copy of her will being of record in the Office of the Register of Wills of Beaver County in Will Book vol. 37, p. 412. In said will, after specific legacies, the remainder of her estate, including the mortgage in question, was given to Anna Feucht Woods and Melina Feucht Mohn, and these two legatees were named executrices in her last will and testament.

When these executrices instituted foreclosure proceedings as above mentioned, a deed was ultimately made by the Sheriff of Beaver County to Anna F. Woods, executrix, dated September 25, 1934, and recorded in the Recorder's Office of Beaver County in Deed Book vol. 420, p. 36.

Thereafter the Orphans' Court of Allegheny County, the domicile of the said Emelia T. Feucht at the time of her death, made an award, or distribution after audit, at no. 35, March term, 1937, as follows:

"Anna F. Woods and Melina F. Mohn, sisters, each an undivided ½ interest in the following: house and lot in College Hill Borough, Beaver County, Pa., received by deed of Charles J. O'Loughlin, Sheriff, D. B. Vol. 420, page 36."

This is the property in question.

Anna F. Woods died on September 9, 1937, testate, a copy of her will being recorded in Beaver County in Will Book vol. 34, p. 1, wherein and whereby she gave her estate to David McCann Woods, a part of her estate being the undivided one-half interest in the property in question.

On September 19, 1938, Melina F. Mohn and Albert F. Mohn, her husband, conveyed their interest in the

property in question to the same David McCann Woods, the said deed being recorded in the Recorder's Office of Beaver County in Deed Book vol. 451, p. 87. The Anna F. Woods who left her interest in the property in question to David McCann Woods, and the Melina F. Mohn, who, with her husband, conveyed her interest in the said property to David McCann Woods, are the same parties as the Anna F. Woods and Melina F. Mohn named as executrices and residuary legatees in the last will and testament of Emelia T. Feucht.

There is no question raised about the marketability of the title because of any defects therein subsequent to the date of acquisition of the property by David McCann Woods.

The only question raised by the case stated for determination by the court is whether Anna F. Woods had such title to an undivided one half of the property in question as would put her in position to transfer a good and marketable title thereto by will, and whether Melina F. Mohn had such a title in the other undivided one half of the property in question as would put her in a position to join with her husband in the conveyance of a good and marketable title thereto to David McCann Woods. Defendant takes the position that since the executrix of the estate of Emelia T. Feucht acquired title to the real estate in question as executrix, after the sheriff's sale on the foreclosure of the mortgage owned by Emelia T. Feucht in her lifetime, and given by her to the two parties named as legatees and executrices, it would be necessary for the executrices to have conveyed the legal title to the property in question in the lifetime of Anna F. Woods, who was the grantee, as executrix, in the sheriff's deed above mentioned. This position is not tenable. The title which became vested in David McCann Woods is good and marketable without any conveyance made by Anna F. Woods, executrix, in her lifetime.

We start off with the proposition that after the foreclosure proceedings the real estate in question in effect

became personal property. "Real estate acquired in foreclosure of a mortgage held by a decedent in his lifetime is considered personal property in the hands of the mortgagee's personal representative." The trustees may convey without leave of court. See cases cited in I Hunter's Orphans' Court Commonplace Book, 705.

Since the real estate in question was personal property in the hands of the executrix of the estate of Emelia T. Feucht, the Orphans' Court of Allegheny County had jurisdiction to award the same to the residuary legatees, Anna F. Woods and Melina F. Mohn, in the Allegheny County decree at no. 35, March term, 1937, and the orphans' court of Allegheny County did so award the property in question on final distribution of the estate of Emelia T. Feucht.

The said Anna F. Woods and Melina F. Mohn had vested in them the equitable title to the land in question by virtue of the last will and testament of Emelia T. Feucht, followed by the foreclosure proceedings above mentioned. By the foreclosure proceedings the legal title became vested in Anna F. Woods as executrix. When the Orphans' Court of Allegheny County made its decree of final distribution in the estate of Emelia T. Feucht it determined that the trusteeship of Anna F. Woods, insofar as it related to the lands in question, was at an end. There being no further purpose to be served by a continuance of the trusteeship, insofar as the lands in question are concerned, the legal title and the equitable title became vested in Anna F. Woods and Melina F. Mohn without any actual conveyance from Anna F. Woods, executrix of the estate of Emelia T. Feucht, and these two legatees, owning both the legal and equitable title, had a right to convey their interest to David McCann Woods, the one by will and the other by deed.

That the title acquired by Anna F. Woods at the foreclosure sale as executrix of the estate of Emelia T. Feucht was a legal title in trust for the benefit of the

estate of Emelia T. Feucht for the benefit of the residuary legatees, Anna F. Woods and Melina F. Mohn, cannot be doubted. The legal title was vested in Anna F. Woods as executrix, and equitable title in the named residuary legatees. This was determined in the case of Oeslager v. Fisher, 2 Pa. 467. This was an action on a bond for the purchase money of a house and lot in which the defense set up was a defect in title. In this case the executor had purchased land of a debtor to the estate on foreclosure of a judgment. The executor did convey the land which he had acquired at foreclosure sale, and by various subsequent conveyances the title became ultimately vested in plaintiff. The court decided that after such a long lapse of time between the conveyance by the executor and the time the defense was set up by defendant the land in question had acquired all of its former attributes as real estate, and the court decreed the title to be good and marketable in plaintiff and entered judgment in favor of plaintiff. The important point in the case, insofar as it relates to the facts in the present case, is that an executor who purchases land of a debtor in foreclosure proceedings and takes title in his name as executor holds such land as trustee for the benefit of the estate, including creditors and beneficiaries. In the case at bar the creditors of the estate of Emelia T. Feucht had due notice of the time and place fixed for the audit and distribution of her estate in the Orphans' Court of Allegheny County, and when the court distributed the land in question to the residuary legatees, and there were no further active duties for the executrix to perform, the legal and equitable title to the land in question became vested in Anna F. Woods and Melina F. Mohn, and they could, thereafter, convey the land either by will or by deed to bona fide purchasers.

The case of the Estate of Michael Tiernan, 31 Pitts. 185, is further authority for the proposition that when land is bought by executors on an encumbrance

held by their testator the executor has power to sell such land for the purpose of distribution, and for the proposition that such executors hold such land in trust for the benefit of the creditors and legatees of the decedent.

No formal conveyance of real estate is necessary at the expiration of the trust. It will be considered to be executed by the mere force of the statute of uses. In the case at bar the minute the Orphans' Court of Allegheny County entered its decree, which became final when no exceptions were taken thereto, the executor who had purchased the land in question as executor was shorn of all further authority or domination over the land in question. The decree of the court of Allegheny County was the equivalent of a transfer of the legal title from the executrices to Anna F. Woods and Melina F. Mohn, the residuary legatees, in whom the beneficial interest was already vested by virtue of the last will and testament of Emelia T. Feucht. Since both the legal title and the equitable title was thereby vested in the same parties, there was a merger which enabled them to convey to plaintiffs' predecessors in title without any formal conveyance to them by Emelia T. Feucht's executrices: See Rush v. Lewis, 21 Pa. 72; Chamberlain et al. v. Maynes, 180 Pa. 39.

While it is true, as stated above, that land acquired by an executor at the foreclosure proceedings on a mortgage owned by the testator becomes personalty in the hands of the executor and that he holds the same as trustee, such personalty acquires all the attributes of real estate upon its first transmission. The first transmission in the case at bar was the decree of the Orphans' Court of Allegheny County awarding the same to the residuary legatees, Anna F. Woods and Melina F. Mohn (see opinion of Penrose, J., in Fleming's Estate (No. 3), 15 Dist. R. 25).

The case cited by defendants in their brief, namely, McGlinn's Estate, 334 Pa. 411, is distinguishable in its

facts from the case at bar. In that case the legal and equitable title never had vested in the same person, nor had there been any transmission up to the time the case came before the court. The case was a contest between the creditors of the estate of decedent and the heirs of decedent on distribution of decedent's estate. In the case at bar the creditors of the estate of Emelia T. Feucht had an opportunity, at the time of the audit and distribution of her estate in the Orphans' Court of Allegheny County, to file any claims they might have had against Emelia T. Feucht's executrices, who, up to the time of distribution, held the land in trust for them as well as the residuary legatees. The creditors having presented no claims affecting the land in question, and having filed no exceptions to the decree of the court awarding the land in question to the residuary legatees, Anna F. Woods and Melina F. Mohn acquired such a title to the land in question as to enable them to make title thereto.

Finally, it is a well-known proposition of law, well stated in §345, paragraph (*b*), of the A. L. I. Restatement of Trusts, that "after the lapse of a long period of time after the accomplishment of the purposes of the trust, a conveyance by the trustee to the beneficiary may be presumed." We are not compelled to rely upon any presumption in the case being considered, because we hold as a matter of law the decree of the Orphans' Court of Allegheny County awarding the land in question to the residuary legatees was so much the equivalent of a formal conveyance by the executrices that the formal conveyance of the legal title was not necessary, and it would serve no useful purpose for the Orphans' Court of Allegheny County now to appoint a trustee, under the provisions of section 52 (*b*) of the Fiduciaries Act of June 7, 1917, P. L. 447, for the mere purpose of going through the formality of executing a deed. Where a court of equity would decree a conveyance of the legal title to the cestui que trust, the trust will be considered

as executed without a formal conveyance by the trustee: Chamberlain et al. v. Maynes, supra.

For the reasons hereinbefore stated we make the following

### Order

Now, to wit, September 19, 1944, it is hereby ordered, adjudged, and decreed that judgment be entered for plaintiffs and against defendants; and defendants are directed to pay to plaintiffs the sum of $700 upon the execution and delivery to them of a general warranty deed, properly executed by plaintiffs, conveying to defendants the property hereinabove described.